J. H. THORINGTON *vs.* T. H. V. CARSON, *et al.*

*Error from Dallas Ciruit Court,*—Before the Hon. REU-
BEN SAFFOLD.

———◆———

The general rule---" That whatever is specifically averred in a bill in
equity, and not denied in the answer, must be taken as admitted,"
must be confined to averments of matters within the knowledge of
the defendant, a party, or privy to the particular transactions. And,
Where the execution of specific articles is averred against parties, who
cannot be supposed to be privy to the mode, and time of their execu-
tion; the execution of such articles must be proved.

In this case, a bill in equity was filed, to force the per-
formance of ante-nuptial articles between Carson and his
wife. The bill made an exhibit of a copy of the articles, al-
leged to have been executed, stating that the original was not
in the possession or control of the complainant. A portion of
the defendants answered, that, to their belief, the articles
were not executed as they purported from the exhibit to have
been, and that they were not privy to the execution of the
original deed. On the trial of the cause, there was no proof
of the execution of articles referred to in the bill; but a de-
cree was rsndered against all the defendants. On the assign-
ments of error of Thorington, the trustee, the case came up
to this court for revision. As the decision of the court, con-
tained in the opinion, refers solely to the above mentioned
points, only so much of the history of the case is given, as is
necessary to show the principles determined.

PECK, and
GOLDTHWAITE, for Plaintiff.

PICKENS, *contra.*

By Mr. Chief Justice LIPSCOMB :

In this case, the bill was filed to carry into specific execu-
tion ante-nuptial articles between Carson and his wife.    The
bill sets out, and makes an exhibit of a copy of the articles ;
alleging that the original is not in the possession or control
of the complainant, and it prays that the defendants may be
required to answer, " Whether exhibit A is not a true copy
of an original, which was executed, as it purports to be,
and what has become of the original deed, of which the said
exhibit A is a copy." To this part of the bill, the defendants
Howard, Foster, Mitchell, and Graham, answer—" That the
original articles, of which exhibit A in the complainant's bill
purports to be a copy, has never been in their possession, un-
til procured from the office of the clerk of the County Court,
on the 11th day of October, 1825 ;" and it is hereto attach-
ed, and prayed to be taken as a part of their answer ; the
defendants further answering say, " they are informed and
believe said articles of marriage settlement was not executed
until after the marriage of Thomas H. V. Carson to Anitta
Denson," &c.

T. H. V. Carson, the husband, filed his separate answer ad-
mitting that the articles were executed in the manner, and at
the date alleged in the complainant's bill.    There is no proof
of the execution of the articles of the marriage contract.
Nancy Denson, the mother of Mrs. Carson, who seems, from
the exhibit A, to have been a subscribing witness, does not
appear to have had the original before her, when her testimo-
ny was taken.    She cannot, therefore, be received as prov-
ing the execution by the best evidence, and the absence of
the original has not been accounted for in a way to let in
such secondary evidence.    In fact, the original seems to have
been made an exhibit to, and a part of defendant's answer.
And it is difficult to conceive the reason why it was not shown
to Mrs. Denson, at the time of taking her deposition.

If the bill had been filed against the husband alone, for the specific performance of the articles of his ante-nuptial contract, his answer admitting the execution of the articles, would perhaps, have been sufficient, without further proof of that fact. But this rule cannot apply to this case: the admissions of Carson cannot be made evidence against the other defendants. The general rule that we find in the books, that whatever is specifically averred in the bill, and not denied in the answer, must be taken as admitted, is certainly subject to many restrictions and exceptions. It seems to me that it must be confined to averments of matters within the knowledge of the defendant, a party or privy to the particular transaction; in such a case it would seem that the positive averment by one party, of the truth of the fact, ought to be received as true, if not denied by the other. To illustrate the exception more particularly, Carson, the husband, was a party to the articles alleged to have been entered into by him on a particular day. If he had omitted in his answer denying the alleged fact, so specially averred in the bill of the complainant, to have been entered into, in the manner and at the time stated, his silence might well be construed into an admission of the truth of the allegation. But the other defendants were not parties to the articles, and could not be supposed to be privy to the mode, and the time of their execution. Their ignorance of the circumstances of the transaction, would render them unable to admit or deny the truth of the facts charged. They have, however, in their answer stated, their information and belief, that the articles purporting to be the ante-nuptial contract, was not executed until after the marriage, thus putting the complainant on proof of their execution, as essential not only to their validity, but likewise to sustain the morality of the transaction.

The complainant having failed, as we believe, to prove the execution of the articles, so far as the defendants, Howard, Foster, Graham, and Mitchell are concerned, there should have been no decree against them; but as they have not ap-

pealed, we feel bound to affirm the decree, on this ground only, without entering into an examination of the principles assumed as the basis of the decree.