# Buchanan *v.* Buchanan.

*Bill in Equity by Judgment Creditor, to set aside Voluntary Conveyance as Fraudulent.*

1. *Burden of proof as to consideration of conveyance assailed for fraud.* When a creditor assails the validity of a conveyance by his debtor, or a conveyance whose consideration proceeded from his debtor, and his debt

[Buchanan v. Buchanan.]

or demand is older than the date of the conveyance, the *onus* of proving a valuable consideration is cast on the grantee; and if the consideration is averred to be a debt of the grantor or debtor, he must prove the existence and validity of such debt.

2. *Weight of answer as evidence.*—An answer, not under oath, is not evidence for the respondent for any purpose; and when verified by affidavit (Code, § 3786), it is only evidence so far as responsive to the allegations of the bill.

3. *When answer is responsive, or not.*—When the bill, filed by a creditor, attacks the validity of a conveyance to the debtor's son, alleging that the purchase-money was paid by the debtor with his own funds; and the answer, admitting this fact, alleges that it was so paid in consideration of a debt due from the debtor to his son; this is not responsive, but is matter in avoidance, and must be proved.

APPEAL from the Chancery Court of Jackson.

Heard before the Hon. N. S. GRAHAM.

The bill in this case was filed on the 10th April, 1882, by Mrs. Martha A. Buchanan, suing for the use of W. L. Martin and others, against James M. Buchanan and his son, James A. Buchanan; and sought to set aside, as constructively fraudulent, a conveyance of a town lot in Scottsboro by one L. B. Jones to said James A. Buchanan, on the ground that the purchase-money was in fact paid by said James M. Buchanan; and to subject the property to sale for the payment and satisfaction of a decree for costs, which the complainant had obtained against said James M. Buchanan, in a suit for divorce instituted by her against him in said Chancery Court. The decree, a copy of which, duly certified, was made an exhibit to the bill, was rendered on the 18th January, 1881; and an itemized copy of the bill of costs, amounting to $43.50, duly certified, was also made an exhibit. W. L. Martin was the register of the court, and the other persons for whose use the complainant sued were officers of the court, entitled to portions of the costs, as shown by the itemized bill. The deed of Jones to said James A. Buchanan, a certified copy of which was also made an exhibit to the bill, was dated the 25th May, 1881, and recited as its consideration the payment of $50 in cash, but did not state by whom the payment was made. The bill alleged that the purchase and payment were made by said James M. Buchanan, the defendant in the decree, and that he was insolvent. A joint and several answer was filed by the defendants, admitting the rendition of the decree, and the execution of the deed, as alleged in the bill; and averring that the purchase of the lot was so made by the said James M. by agreement with the said James A., and the consideration paid was on account of moneys which the said James A. had previously loaned and advanced to his father. The answer was not under oath, an answer on oath having been waived by the complainant. The cause was submitted for decree, " on the bill of complaint, exhibits thereto,

[Buchanan v. Buchanan.]

and joint answer of defendants"; and the chancellor rendered a decree for the complainant as prayed, declaring the conveyance fraudulent and void as against the complainant, and ordering the property to be sold for the satisfaction of her decree. The chancellor's decree is now assigned as error.

Norwood & Norwood, for appellant.

W. L. Martin, contra.

BRICKELL, C. J.—The cause was heard on the bill and exhibits, and the answer of the defendants. The exhibits, the genuineness and authenticity of which are admitted by the answers, and, being transcripts of judicial proceedings, are certified by the proper officer, and of themselves evidence, show the rendition of a decree in favor of the complainant, by a court of competent jurisdiction, for the payment of money, prior to the purchase by the defendant in the decree, of the parcel of land sought to be subjected to its payment, and its conveyance to his co-defendant. The burden of proving a valuable consideration for the conveyance, to avoid the subjection of the lands to the satisfaction of the decree, was cast on the party affirming the existence of such consideration. When the debt or demand of a creditor is prior in date of existence to a conveyance by the debtor, or to a conveyance the consideration of which proceeds from him, the burden of proving a valuable consideration for the conveyance, when the creditor assails its validity, is cast upon the grantee; and if the consideration of the conveyance is averred to be a debt of the grantor, or of the debtor from whom the consideration for the conveyance originally moved, the existence and validity of such debt must be proved.—*Hamilton v. Blackwell*, 60 Ala. 545; *Hubbard v. Allen*, 59 Ala. 282.

The answer is not verified, and, under the statute, is not evidence for the defendants. If it were verified, it would for the defendants be evidence only so far as responsive to the bill. Code of 1876, § 3786. The existence of an indebtedness from the judgment debtor to his son, the grantee of the conveyance, averred in the answer as the consideration moving the debtor to take the conveyance in the name of his son, is not responsive to any allegation of the bill. It is a distinct fact, set up in avoidance of the fact admitted in the answer, that the father with his own means had purchased the premises. It is an undoubted rule of evidence in equity, that an answer insisting upon a distinct, independent fact, in avoidance of a fact admitted in it, must be proved. The fact admitted is established, but the fact insisted on in avoidance must be proved by the re

spondent.—*Clements v. Moore*, 6 Wall. 299 ; *Hart v. Ten Eyck*, 2 Johns. 62 ; 1 Brick. Dig. 738, § 1467.   Of the fact that the father was indebted to the son, and that the conveyance of the premises was taken to the son as a mode of paying the debt, there is no evidence ; and the absence of such evidence entitled the complainant to a decree subjecting the premises to her demand.

Affirmed.