# Zelnicker *v.* Brigham & Co.

*Creditor's Bill in Equity to set aside Fraudulent Conveyance.*

1. *When creditor without lien may come into equity, to set aside sale or conveyance on ground of fraud.*—The statute authorizing a creditor without a lien to file a bill in equity, "to subject to the payment of his debt any property which has been fraudulently transferred, or attempted to be fraudulently conveyed by his debtor" (Code, § 3886), is not confined to cases in which a discovery is sought; nor is it necessary that the bill shall ask a discovery, or conform to the requisites of a bill for discovery.

2. *Same; construction of statute not dependent on location.*—This section was enacted long after the three sections immediately preceding it (3883–85), which relate to bills of discovery; and its scope and meaning are not affected by its relative location in the Code.

2. *Burden of proof as to consideration of conveyance assailed for fraud.*—When an existing creditor attacks as fraudulent a conveyance executed by his debtor, and assails the consideration as simulated and fictitious, the *onus* is on the grantee to prove an adequate valuable consideration to support the conveyance, and its recitals are not evidence in his favor as against the complainant.

4. *Waiver of answer on oath.*—When an answer on oath is waived by the complainant (Code, § 3762), the answer is mere pleading, even if responsive, and is not evidence for any purpose.

5. *Amendment of answer, and of claim of exemption.*—When the original answer sets up an insufficient claim of exemption, its defects may be remedied by amendment; and an amended claim of exemption, allowed

by the chancellor, will be treated by this court, if necessary, as an amendment of the answer.

APPEAL from the Chancery Court of Mobile.

Heard before the Hon. JOHN A. FOSTER.

The bill in this case was filed on the 20th February, 1883, by the appellees, a mercantile firm doing business in Boston, Massachusetts, who sued as creditors of Joseph J. Zelnicker, against the said Joseph J. Zelnicker, and also against Mrs. Louise N. Zelnicker and her husband, Solomon S. Zelnicker; and sought to set aside, on the ground of fraud, a sale and conveyance of his stock of goods by said Joseph J. to Mrs. Louise N. Zelnicker, and to subject the stock of goods to the payment of complainant's debt, which was evidenced by the three promissory notes of said Joseph J., dated in October and November, 1882, payable four months after date, and aggregating nearly $1,300. The sale and conveyance to Mrs. Zelnicker was made on the 12th February, 1883, on the recited consideration of $1,100, part payment of an admitted indebtedness. The bill alleged that this sale and conveyance was made by said Joseph J. "with the intent to hinder, delay or defraud complainants, or others of his then existing creditors, of their just debts; that the said Solomon S. actively participated in said pretended sale, and in the transfer of such goods and accounts, and he and the said Louise N., his wife, participated and concurred in the aforesaid fraudulent intent of the said Joseph J.; that the alleged indebtedness from said Joseph J. to said Louise N. was altogether simulated and fictitious, or, if any thing was really due from him to her, the true amount thereof was intentionally exaggerated and swollen by all of said defendants, and the property and accounts so sold by him to her were estimated and taken at much below their real value."

The bill was not sworn to, and answers on oath were expressly waived. 'A demurrer to the bill was filed by Mrs. Zelnicker and her husband, on the ground that it was wanting in equity, because complainant had a complete and adequate remedy at law, if the sale and conveyance was fraudulent as alleged; and because it did not show that the property conveyed was worth more than $1,000, which said Joseph J. might claim as exempt, and therefore complainants were not injured by the sale and conveyance. They also filed an answer, but not under oath, denying the charges of fraud and simulated consideration, and asserting that the goods were sold and conveyed to Mrs. Zelnicker, at their invoice price and actual value, in part payment of an existing debt for money previously borrowed, at different times, amounting to about $1,800. Joseph J. Zelnicker adopted and concurred in the demurrer of his co-defendants,

[Zelnicker v. Brigham & Co.]

and also filed an answer, admitting the execution and delivery of the notes held by the complainants, denying the charges of fraud in the sale and conveyance to Mrs. Zelnicker, and asserting its validity. His answer contained, also, a claim of exemption in these words: "Further answering, respondent says, that he claims that the property described in the bill, as fraudulently conveyed by him to said Louise N. Zelnicker, to be of less value than one thousand dollars; that he is a resident of this State, and has selected said property to be exempted from sale and execution, or other process of any court, issued for the collection of any debt contracted since the 15th July, 1868, or since the ratification of the present constitution, by this defendant. Respondent hereby claims the same as part of the said exemption allowed him by law; and he further says, that complainants have no interest in the disposition he may make of said property as exempt, and have not been injured by the said sale thereof."

The complainants were afterwards allowed by the court, as the minute-entry recites, "to amend the bill by interlineation in red ink;" but the record does not show that this amendment was made, unless it refers to several lines in red ink which appear drawn across an averment in the original bill, "that said sale included substantially all the property of said Joseph J. subject to legal process for the satisfaction of his debts." A joint "demurrer and answer to the amended bill" was filed by all the defendants, repeating the causes of demurrer specified to the original bill, and adding this: "because said amended bill does not show that said Joseph J. had, at the time of said sale, no other property subject to legal process for the satisfaction of his debts;" and in their answer, while adopting their original answers, they alleged that said Joseph J., on the 12th February, 1883, "had no other property than sold by him on that day to said Louise N." On a subsequent day of the term at which this "demurrer and answer" was filed, a minute-entry was made as follows: "Defendant changes his answer to the amended bill, to an amendment to the answer." No testimony was taken by either party, but there is an admission of record, signed by the defendants' solicitor, "that said Joseph J. Zelnicker executed the notes described in the bill, and that the complainants are the holders of said notes, and that the same are unpaid, and are outstanding valid claims against said Joseph J."

The chancellor overruled the demurrers to the bill; and the cause being submitted for final decree, as the entry of submission recites, "on the pleadings and testimony," he rendered a decree for the complainants, declaring the conveyance of the goods fraudulent and void as against them, and that the prop-

[Zelnicker v. Brigham & Co.]

erty was held in trust for their benefit; but he further held that Joseph J. Zelnicker was entitled to claim an exemption of $1,000 out of the goods, or the proceeds of their sale; and he ordered a reference of the matters of account to the register. The defendants appeal from this decree, and assign as error the overruling of their demurrers to the bill, and the decree declaring the sale and conveyance to be fraudulent. By consent indorsed on the transcript, there is a cross-assignment of error by the complainants, because the chancellor allowed the claim of exemption.

F. G. BROMBERG, for appellants.—(1.) The bill was wanting in equity, because the complainants had no lien on the goods, and did not file their bill as a bill of discovery. It does not contain the averments necessary in a bill of discovery; nor could it be maintained as a bill for discovery, since an answer on oath is waived.—Story's Eq. Pl. § 311; 10 Cush. 58; 24 Pick. 411. Section 3886 of the Code, under which the bill was filed, is to be construed in connection with the preceding sections (3882–85), which relate only to bills of discovery. *Lehman v. Meyer*, 67 Ala. 396. No discovery being asked, or needed, the remedy at law was complete.—*Carville v. Stout*, 10 Ala. 796; Freeman on Executions, §§ 136, 138, 426. (2.) The bill was wanting in equity, also, because it does not show that the stock of goods conveyed was worth more than $1,000, which the grantor might lawfully convey, since it was exempt from the payment of his debts; and therefore the allegations of fraud are not sufficient.—*Lehman v. Bryan*, 67 Ala. 559; *Shirley v. Teal*, 67 Ala. 452; *Fellows v. Lewis*, 65 Ala. 354; *Mc Williams v. Rodgers*, 56 Ala. 92; 11 Wisc. 114; 44 Iowa, 613. (3.) The chancellor erred in holding the conveyance void. The bill, not being verified by affidavit, was mere pleading.—*Adams v. McMillan*, 7 Porter, 73; *Stetson v. Goldsmith*, 30 Ala. 602. The answers, though not under oath, put in issue the allegations of the bill.—*Reynolds v. Pharr*, 9 Ala. 560; *Railroad Co. v. Wheeling*, 13 Gratt. 40; 1 Dan. Ch. Pr. 843, note 7. The bill charged fraud, and the answer denied it; and this was conclusive evidence for the defendant, without other proof.—*Br. Bank v. Marshall*, 4 Ala. 60; Gres. Eq. Ev. 22. When an allegation involves a charge of fraud, the burden of proof is on the party who makes it.—*Tompkins v. Nichols*, 53 Ala. 197. The chancellor confounded the burden of proof with the weight of evidence, which are essentially distinct.—*Bridge Co. v. Butler*, 2 Gray, 130; 62 N. Y. 455; 25 Mich. 32; 9 Metc. 270; 13 Mees. & W. 662. (4.) The value of the goods not being shown, and the claim of exemption not being contested by the plaintiffs, the chancellor could not initiate a con-

test for them. If the value of the goods was not greater than $1,000, there could be no fraud in the conveyance (as shown by the authorities above cited); and the claim of exemption not being contested as required by the statute, it must prevail. That the claim was properly made, see *Sherry v. Brown*, 66 Ala. 51; *Smith v. Cockrell*, 66 Ala. 76.

R. H. CLARKE, *contra*, cited *P. & M. Bank v. Walker*, 7 Ala. 926: *Marriott v. Givens*, 8 Ala. 694; *Dargan v. Waring*, 11 Ala. 988; *Lehman v. Meyer*, 67 Ala. 396; *Hubbard v. Allen*, 59 Ala. 283; *Buchanan v. Buchanan*, 72 Ala. 55.

STONE, J.—The present bill was filed by simple-contract creditors, under section 3886 of the Code of 1876, which enacts, that " a creditor without a lien may file a bill in chancery, to subject to the payment of his debt any property which has been fraudulently transferred, or attempted to be fraudulently conveyed, by his debtor." It is contended for appellants, defendants below, that this statute was intended to apply only to cases in which a discovery is sought from defendants; and inasmuch as the present bill is not so framed as to call for a discovery, it is without equity. The argument is, that because the three sections immediately preceding the one under discussion relate to bills of discovery, construing them in *pari materia*, it must be confined to the same subject. Perhaps, a sufficient answer to this is, that we have uniformly ruled otherwise.—*Lide v. Parker*, 60 Ala. 165; *Evans v. Welch*, 63 Ala. 250, 256; *Lehman v. Meyer*, 67 Ala. 396, 402. We are not able to perceive any such connection as is contended for.

But there is a conclusive answer to the argument. Sections 3883-4-5 of the Code of 1876 have stood on our statute-books, without change, ever since the Code of 1852 went into effect. Code of 1852, §§ 2988 to 2990; Rev. Code, §§ 3443 to 3445. Section 3886 was enacted February 24th, 1860—Pamph. Acts, 35—as an independent grant of jurisdiction, and has been transcribed *verbatim* in the Codes since that time. Its collocation was the work of the codifiers, and can not demand a construction, which it could not have received before it was so placed. There is nothing in this objection.

Did the chancellor correctly rule, that the conveyance, or sale, of the stock of merchandise by Joseph J. Zelnicker to Louise N. Zelnicker, was fraudulent as against the creditors of the former? The bill charges that, before and at the time of the conveyance, complainants were creditors of the said Joseph J., and that the conveyance of the latter to said Louise N. was in payment of alleged indebtedness from him to her. The bill then avers, that said alleged indebtedness was " altogether sim-

ulated and fictitious, or that, if any thing was really due from him to her, the true amount thereof was intentionally exaggerated and swollen by all of said defendants, and that the property and accounts so sold by him to her were estimated and taken at much below their real value." The claims of Brigham & Co., on which the bill is filed, consist of three promissory notes, all bearing date before the conveyance was made by John J. to Louise N. Zelnicker. In the foot-note to the bill is an express waiver of oath to the answers of defendants. This being the case, the answers, even if responsive, are mere pleading, and not evidence.—Code of 1876, § 3762. In the record, and noted in the note of submission, is a consent or agreement of counsel for defendants, admitting that the three notes sued on were executed by Joseph J. Zelnicker, that complainants are the holders of them, and that they are unpaid, valid, outstanding claims against him, the said Joseph J. The defendants offered no testimony. This case is thus brought directly within the principle declared in the case of *Hubbard v. Allen*, 59 Ala. 283, and *Buchanan v. Buchanan*, 72 Ala. 55. In such a contest, the burden of proving that the conveyance was founded on an adequate, valuable consideration, rests on the grantee; and failing to make such proof, the conveyance must be pronounced fraudulent. This the chancellor did, and did not err therein. This disposes of the material assignments of error made for appellants, adversely to their interests.

The assignments of error by appellees, indorsed on the transcript by consent of appellants, must share the same fate. True, the claim of exemption set up in the original answer is insufficient. But, while the case was in *fieri*, the chancellor allowed an amended claim to be interposed, This was within his jurisdiction, and within the legitimate bounds of amendment. If necessary, we would treat that claim as an amendment of the answer. In substance and terms, it contains all needed averments.

The decree of the chancellor is affirmed. Let the costs of appeal be paid equally by appellants and appellees.