# Reeves & Co. *v.* Estes.

*Bill to Set Aside Fraudulent Conveyance; and to Condemn Money Fraudulently Transferred.*

1.  *Fraudulent transfer of money; insufficient proof of.*—The mere fact that a certain sum of money is on deposit in a bank to the credit of a married woman is insufficient to show its fraudulent conveyance by the husband, when there is no evidence as to the source from which it came, or of other fact to show that that fund or any other was so placed by her husband.

2.  *Conveyance; when debtor must prove consideration for on attack for fraud.*—When a debtor's conveyance is assailed for fraud by a creditor to subject the property conveyed to a pre-existing debt, the fact of the conveyance and the pre-existing claim of the creditor being shown, it then devolves upon the debtor to show a valuable and adequate consideration for the conveyance by evidence extrinsic to the conveyance itself. If the conveyance is to pay or secure a debt the burden is not shifted from the party seeking to uphold the conveyance, until evidence is given of its *bona fides*, and notes will not suffice for that purpose.

3.  *General assignment; not operative until delivered for record.*—A general assignment by a debtor for the benefit of creditors is not operative as to property in any county until it is delivered to the probate judge of that county to be recorded. Code, § 1004.

4.  *Stipulation in note for payment for costs of collection, includes attorney's fees.*—A stipulation in note for the payment of costs for collection must refer to such expenses as attorney's fees, since the law itself provides for the recovery of court costs.

[Reeves & Co. v. Estes.]

APPEAL from Jefferson Chancery Court.

Heard before Hon. THOMAS COBBS.

J. S. Reeves & Co. and others brought their bill as creditors of T. J. Estes to condemn to the payment of their debts certain money deposited in bank to the credit of S. C. Estes, wife of the debtor; and also to set aside as fraudulent a mortgage executed by Estes to the defendant, Barrett, and a general assignment made for the benefit of his creditors to the defendant Ullman. The facts sufficiently appear in the opinion.

J. E. WEBB and APPLING & McGUIRE, for appellants. debtor attacked for making fraudulent conveyance must prove consideration.—*Robinson v. Moseley,* 93 Ala. 70; *Freeman v. Stewart,* 24 So. Rep. 33; *Buchanan v. Buchanan,* 72 Ala. 55; *Scholl v. Weil & Sons,* 103 Ala. 411. (2). Stipulation to pay costs of collection includes attorney's fees.—*Williams v. Flowers,* 90 Ala. 136; *McGee v. Bank,* 93 Ala. 193. (3). On general assignment. *Barrett v. Pollock,* 108 Ala. 397; *Truss v. Davidson,* 90 Ala. 367.

DENSON & TANNER, *contra.*

No brief came to reporter.

SHARPE, J.—The complainants as creditors of T. J. Estes seek by this bill to subject to their claims property alleged to have been fraudulently conveyed by that defendant in three several transactions. First, certain monies are alleged to have been by him collected from his business and fraudulently transferred to his wife, S. C. Estes, by means of a deposit to her credit in the defendant bank. This alleged transfer being denied by the answers of both T. J. and S. C. Estes, some proof of it was necessary to present even a *prima facie* case for relief as to that fund.

The bank in its answer admits holding $111.92 credited upon Mrs. Estes' deposit account, but there is no evidence as to the source from which it came or of other fact to show that that fund or any other was so placed by her husband. Consequently no relief could have been awarded as against Mrs. Estes or the bank.

[Reeves & Co. v. Estes.]

Another phase of the case involves two conveyances by the debtor Estes, of the same real estate, one by mortgage to the defendant Barrett, and the other a few days later by way of a general assignment for the benefit of his creditors. The making of these is an admitted fact. They are both attacked as fraudulent and the mortgage is alleged to have been without adequate consideration, being based upon a fictitious debt, but no evidence as to that fact was submitted by either side. This court has long held to the rule that when a debtor's conveyance is assailed for fraud by a creditor to subject the property conveyed to a pre-existing debt, the fact of the conveyance and the pre-existing claim of the creditor being shown, it then devolves upon the debtor to show a valuable and adequate consideration for the conveyance by evidence extrinsic to the conveyance itself. If the conveyance is to pay or secure a debt, the burden is not shifted from the party seeking to uphold the conveyance until evidence is given of its *bona fides,* and notes will not suffice for that purpose.—*Owen v. Hobbie,* 82 Ala. 467; *Howell v. Carden,* 99 Ala. 100; *McCaskle v. Amerinc,* 12 Ala. 17; *Bolling v. Jones,* 67 Ala. 508.

In the absence of such evidence, notwithstanding the denials of the answer the mortgage of Estes to Barrett must be held void as to complainants to the extent of their pre-existing claims as proven.—*Buchanan v. Buchanan,* 72 Ala. 55; *Zelnicker v. Brigham,* 74 Ala. 598; *Schall v. Weil,* 15 So. Rep. 829.

The deed of assignment made by the debtor Estes to Ullman includes the lands previously mortgaged to Barrett as well as property in Jefferson county and those lands lie in Walker county. It appears from the recitals in the bill that the deed of assignment was not recorded in that county. The answer of T. J. Estes which is adopted by the other respondents admits that he made the deed on the 21st day of Setpember, 1897, and states that it "was on the same day filed in the probate office in Jefferson county, Ala., he having no assets in Walker county and this county (Jefferson) being his place of residence." The statute provides that deeds of assignment for the benefit of creditors "shall as soon as executed be filed and recorded in the office of the judge of

probate of the county in which the property is situated and such deeds are operative in all respects as other deeds from the day of the delivery to the judge."—Code, § 1004.   The recording of this assignment in Jefferson county without its delivery for record also in Walker county was not sufficient to make it operative as to those lands as against the complainants and did not defeat the lien which enured to them by the filing of their bill. *Rogers v. Bailey,* 25 So. Rep. (Ala.) 909.

The statute extends this remedy to the complainants as simple contract creditors and the record as here presented maintains their right to subject the mortgaged real estate to the payment of their claims, including a reasonable solicitor's fee to J. S. Reeves & Co. for the collection of their note.   In *Montgomery v. Crossthwaite,* 90 Ala. 553, it was held that a stipulation for the payment of "costs for collection" must have been meant to refer to such expenses as attorney's fees, since the law itself provides for the recovery of court costs.

The decree appealed from will be reversed.   It seems probable that justice, as well as convenience will be better subserved by remanding the cause for disposition in the chancery court, instead of rendering here a final decree.—*Latham v. Stapler,* 46 Ala. 462.   Let the costs of this court and the costs of the appeal in the chancery court be paid by the defendant T. J. Estes and N. A. Barrett.

Reversed and remanded.