(76 South. 867)
STRICKLAND et al. v. STUART.
(4 Div. 718.)

(Supreme Court of Alabama. Nov. 15, 1917.)

1. FRAUDULENT CONVEYANCES ⟺277(1)— CONSIDERATION—BURDEN OF PROOF.

Defendants in suit to set aside a deed as in fraud of creditors, on complainant proving there were creditors when it was made, have the burden of showing consideration; recital in deed and denial of answer not availing.

2. EQUITY ⟺392—REHEARING—FAILURE TO INTRODUCE EVIDENCE—EXCUSE.

There is no error in refusing new trial to defendants in suit to set aside deed as fraudulent, on affidavits of consideration; they not acquitting themselves of fault in not making proof at trial.

Appeal from Chancery Court, Coffee County; O. S. Lewis, Chancellor.

Suit by George Stuart, trustee, against J. M. Strickland and another. Defendants' application for a rehearing was denied, and they appeal. Affirmed.

J. A. Carnley, of Enterprise, for appellants. W. W. Sanders, of Elba, for appellee.

MAYFIELD, J. This was a bill by a trustee in bankruptcy, to set aside an absolute deed made by the bankrupt. The deed was made more than four months before the

act of bankruptcy; and it is not insisted that it was void by reason of this feature of the federal Bankruptcy Act. The whole theory of the bill was, that the deed was void under the statute as to fraudulent conveyances—that is, that it was made with the intent to hinder, delay, or defraud creditors of the grantor. The allegation is that:

"In contemplation of bankruptcy, and for the purpose of hindering, delaying, or defrauding his creditors the said J. M. Strickland did make and execute to his son, Grover Strickland, a deed of conveyance of said land upon a recited consideration of $350 in hand paid by the said Grover Strickland; and your orator avers that while said deed purports to be dated May 13, 1914, that in fact it was withheld from record in the probate office of Coffee county, Ala., until the 13th day of January, 1915; that the said J. M. Strickland was in possession of the land by tenant during the year 1914, and continued to so occupy or possess the lands until the end of the year; and your orator is informed and believes, and upon such information and belief he charges, that said deed was not in fact executed until a short time before the said J. M. Strickland was adjudicated upon his own petition a voluntary bankrupt, and that there was no consideration for the execution of the deed, and that the grantee did not in fact pay the grantor the sum of money recited in the deed as the consideration, and that such recited consideration was simulated and fictitious. Your orator further avers that said deed was executed after the contraction of the debts due by the said J. M. Strickland to the creditors who have proven their claims against him in said bankrupt court."

The grantor and the grantee were both made parties defendant to the bill. They filed a joint demurrer and answer to the bill. The demurrer was incorporated in the answer, which was under oath, and which denied all the material equities of the bill.

The complainant took testimony to prove the existence of indebtedness against the grantor at the date of execution of the instrument, but offered no proof as to any other equity. This, however, was admitted in the answer. The respondent took no testimony; and the case was submitted on the pleadings, and this proof as to the existence of the indebtedness at the date of the deed. The chancellor granted the relief prayed, and decreed the deed to be void and ordered its annulment. The respondents made timely application, on petition for a rehearing, to have the decree set aside; and accompanied the application with the affidavits of several affiants to the effect that the grantee in fact paid the recited consideration in cash at the time of the execution of the deed. The chancellor denied this application for a rehearing, and respondents appeal.

[1] There was no error in the rulings of the chancellor. The averments of the bill were sufficient, and were not subject to demurrer. The facts were sufficiently alleged to show the fraud; that is, that the recited consideration was fictitious and simulated, and that in truth and fact it was a voluntary conveyance. That is, if the facts alleged were true, then the deed stood as a voluntary conveyance, and so, as matter of law, would be void against existing creditors, without any intent on the part of the grantor or of the grantee to defraud creditors.

When the complainant proved that there were existing creditors when the deed was made, and that the claims were filed in the bankrupt court, which gave the trustee the right to file the bill, the burden of proof was shifted to the grantee to prove a valuable and adequate consideration; and in the absence of proof on the subject, other than the averments of the bill, denials in the answer, and recitals in the deed, the complainant was entitled to the relief prayed and granted. Such has been the uniform ruling in this state for more than half a century.

"This court has long held to the rule that when a debtor's conveyance is assailed for fraud by a creditor to subject the property conveyed to a pre-existing debt, the fact of the conveyance and the pre-existing claim of the creditor being shown, it then devolves upon the debtor to show a valuable and adequate consideration for the conveyance by evidence extrinsic to the conveyance itself. If the conveyance is to pay or secure a debt, the burden is not shifted from the party seeking to uphold the conveyance until evidence is given of its bona fides, and notes will not suffice for that purpose. Owen v. Hobbie, 82 Ala. 467, 3 South. 145; Howell v. Carden, 99 Ala. 100, 10 South. 640; McCaskle v. Amarine, 12 Ala. 17; Bolling v. Jones, 67 Ala. 508. In the absence of such evidence, notwithstanding the denials of the answer the mortgage of Estes to Barrett must be held void as to complainants to the extent of their pre-existing claims as proven. Buchanan v. Buchanan, 72 Ala. 55; Zelnicker v. Brigham, 74 Ala. 598; Schall v. Weil, 103 Ala. 411, 15 South. 829." Reeves v. Estes, 124 Ala. 303, 305, 26 South. 935.

Earlier cases (Hubbard v. Allen, 59 Ala. 283; Hamilton v. Blackwell, 60 Ala. 545) are to the same effect. The cases were also recently reviewed in the case of London v. G. L. Anderson Brass Works, 72 South. 362, 197 Ala. 16.

The error into which respondents fell was in supposing that the recitals in the deed, as to consideration, were evidence in this case, and that the recitals had to be overcome. The converse has been frequently decided. See cases cited above. As between the parties, or possibly their privies, the recitals are prima facie evidence; but not so in cases where creditors assail the conveyance as void against them.

[2] We are not willing to put the chancellor in error in declining to set aside the decree and award a new trial, on the application for a rehearing. While there were used, or offered, on this hearing, affidavits to show a valuable and adequate consideration, so as to shift the burden of proof, this evidence should have been offered on the original hearing. No sufficient excuse was shown for not offering it on the original hearing. The respondents did not acquit themselves of all fault, in not introducing the proof, which was undoubtedly as availing to them on the original hearing as on the rehearing.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.