(92 South. 114)

**BROMBERG v. HOFFMAN et al.    (1 Div. 199.)**

(Supreme Court of Alabama.    Dec. 22, 1921. Rehearing Denied Jan. 19, 1922.)

**1. Equity 373—On hearing on bill and unsworn answer plaintiff entitled only to relief admitted.**

Where a hearing is on bill and unsworn answer, the complainant is not entitled to relief, unless so entitled on the allegations of the bill admitted in the answer.

**2. Executors and administrators 97—One acting as ministerial agent of executor to be compensated by executor.**

Where the executor of an estate was a nonresident, and sent bonds payable in this state to complainant as a matter of convenience in the collection of interest coupons and the payment thereof to parties entitled under a will,

the act was purely a ministerial service performed for the executor as the latter's agent, and to whom he was accountable, and, as to compensation for the service during the lifetime of the executor, complainant must look to the executor.

**3. Payment ⊕=66(1)—If compensation expected, presumed that after lapse of 27 years it was paid.**

Where a nonresident executor sent bonds owned by the estate to his agent in the state as a matter of convenience in collecting interest coupons, etc., the service performed was purely ministerial, and the agent was required to look to the executor for compensation; and, in a suit for compensation by the agent against the estate more than 20 years after the executor's death, it will be presumed that, if compensation was expected, it had been paid.

**4. Trusts ⊕=41—Answer put burden of proof on plaintiff showing creation of trust.**

Where complainant alleged that a former cestui que trust had left bonds in his possession to collect and pay over the proceeds, and that, after her death, her daughter, to whom the income from the bonds was bequeathed, also left them in his possession, the averments sought to establish complainant as trustee of the bonds for the cestui que trust and devisees under her will; but, where such averments were denied in the answer, the burden of proof was on complainant to sustain the allegations by evidence.

**5. Trusts ⊕=315(1)—To be entitled to compensation, trustee must show fact of trusteeship.**

To be entitled to the compensation allowed trustees, it must be shown that the party claiming it was in fact a trustee.

Appeal from Circuit Court, Mobile County; Saffold Berney, Judge.

Bill by Frederick G. Bromberg, trustee, against Sarah E. Hoffman and others, for compensation as trustee in the handling of certain bonds. From the decree, plaintiff appeals. Affirmed.

Bill by appellant against appellee, seeking to have the court of equity appoint a trustee for six railroad bonds held by him, and to deposit the same into court, and to be allowed compensation as trustee in connection therewith. The court assumed jurisdiction of the bonds as trust property, and for the appointment of the trustee taxed the costs against the respondents, but denied the complainant compensation, and, from the decree denying compensation, the appeal is prosecuted.

The bill shows that one Nardin, a resident of Mobile, died and left a will which was duly probated, in which the income of bonds of the par value of $6,000 was bequeathed to Emma Laurendine for her life, and at her death the income thereof to her daughter, Jennie Nicholas, at the death of said Jennie to her children. By this will one Lesquereux

was appointed executor. The executor resided in Massachusetts. There was final settlement of the estate in Mobile county on January 16, 1891, and the executor discharged. In 1892 the executor died.

By paragraph 6 of the bill it is shown that for convenience in collecting and paying to the beneficiaries named in the will the income during her life—said beneficiary residing in Mobile—the executor delivered the bonds to the complainant to keep same, cut off the coupons as they matured, and pay the proceeds to said Emma Laurendine, which complainant did; that Emma Laurendine died September 4, 1919, and after the death of the executor in 1892 the said Emma Laurendine left the bonds in the possession of complainant, charged by her with the duty of cutting off the coupons, and paying the proceeds over to her, which complainant did, and that, after the death of said Emma, her daughter, Jennie Nicholas, one of the respondents to this cause, also left said bonds in the possession of said complainant, but did not request him to collect coupons or pay over the proceeds to her; that said coupons are still attached to the bonds in the possession of the complainant.

It further appears that an administrator de bonis. non had been appointed of the estate of Nardin, deceased, and such administrator was made a party respondent, and the bill as amended sought to have said administrator appointed trustee for the bonds.

The answer denies that after the death of the executor Emma Laurendine left the bonds in the possession of the complainant, charged with the duty of cutting off the coupons and paying over the proceeds to her, but states the facts to be that said Emma Laurendine during her life time tried to compel complainant to deliver the bonds to her and to the other persons entitled thereto under the will. It is further denied that, after the death of said Emma, said Jennie Nicholas left the bonds in the possession of the complainant; but it is averred that Jennie Nicholas and other beneficiaries under the will have tried for many years to compel the complainant to deliver the bonds to the persons mentioned in the will, and that the only reason the bonds remained in the hands of the complainant was that they were unable to compel complainant to deliver them. It is further averred that neither of the respondents are due complainant any commission for handling said bonds, as they did not intrust him with the bonds, nor was he intrusted with the same under the will, but obtained possession of them, as he himself states, because the executor was a nonresident, and it was for the convenience of the executor that said bonds were delivered to him, and that the possession of the bonds was in legal effect

the possession of the executor; and, if complainant was entitled to any commission or compensation for handling the bonds, he should look to the executor, and not to the respondents in this cause, who had no knowledge of said arrangement, and were not a party to the same, and did not authorize complainant to take charge of said bonds, or to handle said bonds or collect the interest for them. The answer further shows that the administrator de bonis non cum testamento annexo was appointed by the probate court of the estate at the suggestion of the complainant, who stated he would turn over the bonds to such administrator when appointed.

The cause was submitted for final decree, but no testimony was taken, the complainant noting as his testimony the original bill as amended, answer of surety company, answer and admissions of all respondents except John and Tell Nardin, decree pro confesso against John and Tell Nardin, who are merely nominal parties respondent, certified copy of the decree of the probate court of Mobile county, rendered February 10, 1891, discharging Henry C. Lesquereux as executor, certificate of the city clerk of Springfield, Mass., that Henry C. Lesquereux died on the 12th day of August, 1892, receipt of the register to complainant for six bonds with coupons attached, and affidavit of nonmilitary service of John L. Nardin and Tell Nardin, respondent's note of testimony, answer as amended, and certified copy of letters of administration to Sarah E. Hoffman.

The bill prayed that the complainant be allowed the usual commissions as trustee for receiving and paying over said bonds and the matured coupons, and a reference to the register to ascertain the market value of the bonds and coupons, and what is a proper compensation for complainant, and prayer for general relief.

In addition to the above statement, made by the court, submission was had on the following certificate: First, a certified copy of the decree of the probate court of Mobile county, Ala., rendered February 10, 1891, discharging Henry Lesquereux as executor finally; second, certificate of the city clerk of the city of Springfield, Mass., that Henry Lesquereux died on the 12th day of August, 1892; third, receipt of the register for six bonds of the Mobile & Ohio Railroad Company, with coupons attached, maturing, respectively, on December, 1919, and semiannually up to and including maturity of the bond; fourth, two affidavits of nonmilitary service of John L. Nardin and Tell Nardin.

Frederick G. Bromberg, of Mobile, pro se.

If appellant had not been his own attorney, he could have employed an attorney to liberate him from the trust and been entitled to compensation therefor. 57 Ala. 579; 68 Ala. 437; 19 Ala. 438. He can collect compensation for himself as his own attorney. 57 Ala. 579. Every trustee is allowed compensation by analogy to that allowed executors. Sections 2690–2692, Code 1907; 68 Ala. 437; 9 Ala. 895; 56 Ala. 468. As successor to the original trustee, appellant is entitled to at least half commission for receiving principal of the estate. 163 App. Div. 876, 147 N. Y. Supp. 573; 142 N. Y. Supp. 1107.

F. K. Hale, Jr., of Mobile, for appellees.

Proper course, if appellant was entitled to commissions, would be to file it with the administrator in the probate court, where the estate is being administered. 137 Ala. 301, 34 South. 229; 84 Ala. 555, 4 South. 405; 46 Ala. 551; 18 Ala. 405; 98 Ala. 451, 13 South. 527. The present administration cannot be thus attacked collaterally. 32 Ala. 676. The court could not have rendered any other decree, under the submission taken by the parties. 83 Ala. 589, 3 South. 235; 85 Ala. 474, 5 South. 305; 77 Ala. 353.

GARDNER, J. The sole purpose of this appeal is to review the decree of the court below denying complainant compensation as alleged trustee of said bonds disposed of under the will of one Nardin, deceased. So far as the equity of the bill and merits of the cause are concerned, the submission was had upon the bill and answer—the complainant offering no proof aside from certain certificates, the notation of which will appear in the statement of the case, but which were more or less formal and without influence upon the substantial issues presented by the pleadings.

[1] It is a well-recognized rule that, when the hearing is on bill and unsworn answer, the complainant is not entitled to relief unless so entitled on the allegations of the bill admitted in the answer. Winter v. City Council of Montgomery, 83 Ala. 589, 3 South. 235.

[2-3] Complainant acquired possession of the bonds in question from one Lesquereux, who was executor of the will of one Lucina Nardin, deceased. The executor was a nonresident of this state, and the bonds were payable at Mobile in the probate court of which county the administration of said estate was pending, and these bonds were merely sent by the executor to the complainant as a matter of convenience in the collection of interest coupons and the payment thereof to the parties entitled thereto under the will. This was purely a ministerial service performed by the complainant for the executor, and as the latter's agent, and to whom he was accountable. Perry on Trusts, § 246. As to compensation for any such services during the lifetime of the executor, the

complainant, of course, will be expected to look to the latter therefor; as the executor died in 1892, it will be presumed from the lapse of so great a time that, if compensation is expected, it has been paid. 21 R. C. L. 144 et seq.

[4] In the third paragraph of the bill as amended, however, complainant alleges that Emma Laurendine left said bonds in his possession, charged by her with the duty of collecting and paying over the proceeds, which he did, and that after her death Jennie Nicholas, to whom the income from the bonds was bequeathed for her life, also left them in his continued possession, but did not request complainant to collect and pay over the proceeds to her. By these averments complainant seeks to establish himself as trustee of the bonds for Emma Laurendine and other devisees named in the will; but these averments are expressly denied in the answer, and it is averred that said Emma Laurendine during her lifetime tried on numerous occasions to compel complainant to deliver the bonds to her, and, also, after the death of said Emma, Jennie Nicholas, with other beneficiaries mentioned in the will, have tried unsuccessfully for many years to compel the complainant to distribute said bonds to the persons entitled thereto. It is therefore expressly denied that any commission is due the complainant for handling said bonds, as respondents did not intrust him with them, nor was he intrusted with them under the will, but obtained their possession from the executor as a mere matter of convenience for the latter. There are no admissions in the answer which would tend in the slightest to authorize compensation to complainant as trustee; and the positive denials and averments in the answer place the burden of proof upon the complainant, and he has offered no evidence to sustain these material allegations of his bill. Daughdrill v. Lockhart, 181 Ala. 338, 61 South. 802.

[5] It is conceded, of course, in this state that compensation is allowed trustees, and it is a matter resting largely in the discretion of the court, reviewable, however, on appeal. Note to 2 Perry on Trusts, § 918, and note to Gibson's Case, 17 Am. Dec. 257, where many of our cases are noted. But, before these authorities can be said to apply in the instant case, it must first be shown that the complainant was in fact a trustee in the true sense of that word, entitling him to compensation. Complainant has failed to carry the burden upon this most material aspect of the cause, and the court below properly denied the compensation sought.

In still another aspect of the case it may be seriously questioned that, in any event, the relationship of the parties would justify the holding that any compensation was contemplated. Complainant received these bonds as a mere agent of the executor for the convenience of the latter and collected the coupons, paying them over to the parties entitled thereto—purely a ministerial function. It has been held that, if compensation appears not to have been contemplated by the parties, none will be allowed. 39 Cyc. 482; White v. Rankin, 18 App. Div. 293, 46 N. Y. Supp. 228; North Cent. Ry. Co. v. Keighler et al., 29 Md. 572. It is unnecessary, however, to determine this question, as the reasons above noted suffice to sustain the decree rendered.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.