(136 So. 731)
### CLEVELAND STORAGE CO. v. GUARDIAN TRUST CO.
### 4 Div. 566.

Supreme Court of Alabama.
June 18, 1931.

Rehearing Withdrawn Aug. 17, 1931.

See also 222 Ala. 210, 131 So. 634.

Rushton, Crenshaw & Rushton, of Montgomery, and D. C. Halstead, of Headland, for appellant.

Steiner, Crum & Weil, of Montgomery, and Farmer, Merrill & Farmer, of Dothan, for appellee.

THOMAS, J.

The opinion of the former appeal is reported in 222 Ala. 210, 131 So. 634.

The assignment of errors challenges the action of the trial court in overruling demurrer to the bill, as last amended, for discovery and enforcement of the pledgee's lien of the Gulf Region Lumber Company, held by complainant by negotiation or transfer.

The amendment to the bill gives it equity. The amendment strikes out paragraph 5 and substitutes in lieu thereof the material averments that "complainant avers as to the lumber in the warehouse, or in the custody or control of the said Cleveland Storage Company, the same is held by it, the said Cleveland Storage Company, in trust for the benefit of complainant, and that said lumber in subject to the receipts or warrants so held by complainant; that complainant has a lien thereon to the extent of its indebtedness against the said Gulf Region Lumber Company, and is entitled to the possession of said lumber, or to have said lien declared and enforced in this Honorable Court, and the said lumber sold by decree of this Court for the satisfaction of said lien; that complainant has made due demand on the said Cleveland Storage Company for the said lumber so in its custody and control, and has offered to pay all lawful charges thereon or therefor, yet the said demand has been refused, except upon a release by complainant in full of all its demands against the said respondent Cleveland Storage Company"; that "complainant has no means of knowing or ascertaining the grade, nor the size, nor quality of the lumber delivered by the Gulf Region Lumber Company to the said Cleveland Storage Company, and not now in its possession or custody, yet represented by said receipts or warrants, nor whether any substitution thereof was in fact made of any of said lumber, nor the amount, nor the grade, nor the size, nor the quality, nor the character of any of such substituted lumber, if any there was, save by and through discovery by the said defendant Cleveland Storage Company, its officers, agents or representatives, in this Honorable Court; that such information rests solely and exclusively with the said defendant Cleveland Storage Company, its officers, agents or representatives, and that they, and each of them, should be required in this Honorable Court to truly discover and set forth all of the facts with reference thereto herein recited, and to account to complainant in this Honorable Court for all such lumber represented by said receipts, or substitutions thereof, which is not in the custody or possession of the said defendant Cleveland Storage Company."

The prayer to the amended bill was that "a lien be declared and established thereon in favor of complainant, and that said lien be enforced by a sale of the said lumber for the satisfaction, as far as may be, of complainant's debt against the said Gulf Region Lumber Company."

The bill as thus amended was that for discovery (Coleman & Davis v. Elliott, 147 Ala.

689, 40 So. 666; Averyt Drug Co. v. Ely-Robertson-Barlow Drug Co., 194 Ala. 507, 69 So. 931, and authorities), accounting, as to the mutual and complicated accounts between the parties (Grand Bay Land Co. v. Simpson, 205 Ala. 347, 87 So. 186; Julian v. Woolbert, 202 Ala. 530, 81 So. 32), and foreclosure of the pledge and trust (Teal v. Pleasant Grove Local Union, &c., 200 Ala. 23, 75 So. 335; Bromberg v. Hoffman, 207 Ala. 144, 92 So. 114).

The recent decisions by this court on discovery, accounting, and trust relations are: Farmers' Nat. Bank v. McKinnon, 134 So. 919;[1] First Nat. Bank of La Pine v. Bradley, 134 So. 621;[2] 48th Street Investment Co. v. Fairfield-American Nat. Bank, 134 So. 803.[3]

The bankruptcy of the Gulf Region Lumber Company is averred—that it was wholly insolvent and no judgment was prayed against such insolvent bankrupt. Such averred excuse was sufficient for not making the Gulf Region Lumber Company a party. Oden-Elliott Lumber Co. v. Butler County Bank, 213 Ala. 84, 104 So. 3.

The decree of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and BROWN, JJ., concur.

[1] Post, p. 698.
[2] Ante, p. 22.
[3] Ante, p. 44.