167 So. 288

## MORRISON v. FEDERAL LAND BANK OF NEW ORLEANS.

### 7 Div. 346.

Supreme Court of Alabama.
April 9, 1936.

Merrill & Merrill, of Heflin, for appellant.

John D. Bibb, of Anniston, for appellee.

BOULDIN, Justice.

Bill in equity to set aside a conveyance of lands, alleged to be fraudulent, and subject the lands to the payment of pre-existing indebtedness of the grantor. The grantor and grantee were the parties respondent. Complainant was decreed relief. Respondent Earl Morrison appeals.

The controlling questions arise out of a submission on bill and answer, with proof limited to special averments.

The averments of the bill and the admissions and denials of the answer become important.

The bill alleges a subsisting indebtedness from the grantor to complainant, recovery of a judgment thereon, a record of same in the judgment lien record in the office of the judge of probate; avers that the grantor owned the lands described at the time he incurred the indebtedness to complainant; that thereafter the grantor exe- cuted the conveyance to his son, the co-respondent, reciting a consideration of $450 cash in hand paid. Thus far the allegations of the bill are expressly admitted in the answer.

In section 4 of the bill it is averred that at the time the deed was made complainant was making every effort to collect the indebtedness, which fact was known to the parties executing the deed.

The answer denies this averment. The only proof offered by complainant, apart from bill and answer, was a letter from complainant's counsel to the grantor, dated some five days before the date of the deed, advising him of the amount due and that, unless it was adjusted, they were instructed to begin suit immediately.

Neither party introduced proof touching knowledge of the grantee that complainant was pressing the grantor for payment.

The bill, in sections 5, 6, and 7, avers in the alternative:

(1) That the recited consideration was never paid; that the consideration was fictitious and simulated; that the conveyance was in fact voluntary, without valuable consideration, fraudulent, and void as against complainant.

(2) That, if any consideration passed, it was grossly inadequate, not a fair con-

sideration for the property, and was made by the grantor with the intent and purpose to defraud his creditors, including complainant; that the grantee was not a purchaser in good faith for a present fair and adequate consideration, but was aware of the purpose and intent of the grantor.

(3) " * * * And complainant further avers in the alternative that said conveyance was made in secret trust for the said J. B. Morrison in order that said property might be preserved from this complainant and still be under his control and dominion. * * * Complainant further avers in the alternative that said conveyance was made in trust for the use of the person or persons making the same."

The answer to these allegations was as follows: "In answer to paragraphs five, six and seven of complainant's original bill, this respondent says: That the consideration stated in said deed from J. B. Morrison to Earl Morrison was a valuable consideration and was not fictitious and simulated. That said conveyance was not voluntary and without a good and legal consideration. That the consideration for said deed was a valuable consideration and was in fact paid by E. C. Morrison to J. B. Morrison and was as follows."

Then follow six specific items, with dates, alleged to have been paid out by the son for the father to third persons, running back some six years before the date of the deed, aggregating $625.50.

The answer then alleges this sum, the consideration for the deed, was in excess of the amount for which 173 acres of land were sold on foreclosure of a mortgage from the grantor to complainant, while the land here conveyed contains only 107 acres. This is far short of an averment that the sum of $625.50 was an adequate consideration for the lands in suit, in the absence of any evidence of the comparative value of the two tracts per acre.

The only evidence offered by respondents were several checks drawn by the son in favor of third persons, as alleged in the answer, in payment of the father's debts.

■■ Appellant relies upon the rule that upon a submission on bill and answer, including unsworn answer where oath thereto is waived, the answer is to be taken as true, and the complainant is entitled to no relief unless entitled thereto on the admissions of the answer. Bromberg v. Hoff-man et al., 207 Ala. 144, 92 So. 114; Reese v. Barker, 85 Ala. 474, 5 So. 305; Winter v. City Council of Montgomery, 83 Ala. 589, 3 So. 235. Also on authorities holding in general terms that fraud is never presumed, and he who seeks relief on grounds of fraud has the burden of proof. Birmingham Trust & Savings Co. et al. v. Shelton, 231 Ala. 62, 163 So. 593, 596; Cooke v. Wilbanks, 223 Ala. 312, 135 So. 435, 83 A.L.R. 1441.

These rules are entirely consistent with others defining what are the issues presented by bill and answer.

The answer, assuming it sufficiently disclosed the consideration of the deed was a past indebtedness due from father to son, a valuable consideration, was a sufficient answer to the charge that the conveyance was voluntary, and the proof would sustain this issue, if this were the only feature of the bill and answer. The answer expressly relies on payment of a past indebtedness, not a present consideration, to sustain the deed. The bill expressly avers the consideration was grossly inadequate; the answer does not deny nor in any way negative this averment.

"If the consideration paid by the grantee was an existing debt due to him from the grantor, he must not only show its bona fide existence, but must also show that it was adequate; that is, that the value of the property was no more than a fair equivalent for the amount of the debt. If this is shown, the intention of the parties to thereby hinder, delay, or defraud is wholly immaterial, and cannot defeat the conveyance. Crawford v. Kirksey, 55 Ala. 282, 293, 28 Am.Rep. 704; Moore v. Penn, 95 Ala. 200, 203, 10 So. 343; Chipman v. Glennon, 98 Ala. 263, 265, 13 So. 822; Wood v. Riley, 121 Ala. 100, 25 So. 723, and innumerable other cases." London v. G. L. Anderson Brass Works, 197 Ala. 16, 20, 21, 72 So. 359, 361.

■■ Where the bill expressly avers the existence of one of the material elements which stamp a conveyance as fraudulent, and the same is not denied, no issue is made thereon, and it must be treated as admitted. This does not mean that every fact alleged must be singled out and expressly denied. Ordinarily, a general denial of facts equally within the knowledge of the parties is sufficient to cast on complainant the burden of proof, where such

allegations are material to his cause of action. Setting up facts which show a bona fide transaction, thus negativing the averments of the bill, is sufficient. Johnson et al. v. Pinckard & Lay, 196 Ala. 259, 72 So. 127.

But, where the facts are prima facie within the peculiar knowledge of the respondent, a general denial of material averments will not suffice to put same in issue. This rule has peculiar application in fraudulent conveyance cases wherein the facts of the transaction are within the knowledge of the parties thereto. In transactions between near relatives, when the grantor is being pressed by his creditors, the requirement of full averments showing a bona fide transaction is emphasized. Strickland et al. v. Stuart, 200 Ala. 541, 76 So. 867; Moog et ux. v. Barrow et al., 101 Ala. 209, 13 So. 665; Prestridge v. Wallace, 155 Ala. 540, 46 So. 970; Reeves & Co. v. Estes, 124 Ala. 303, 26 So. 935; Hubbard et al. v. Allen, 59 Ala. 283; Waddle v. Great Southern Phosphate Co., 184 Ala. 346, 63 So. 462; Smilie v. Siler's Adm'r, 35 Ala. 88; Grady et al. v. Robinson, 28 Ala. 289; T. & J. Kirkman et al. v. Vanlier, 7 Ala. 217; J. H. Thorington v. T. H. V. Carson et al., 1 Port. 257; Crompton v. Vasser, 19 Ala. 259; 21 Corpus Juris, p. 485.

The grantee insists upon an equity protecting him to the extent of the indebtedness from father to son, shown as a consideration for the deed.

This doctrine is well stated in London v. G. L. Anderson Brass Works, 197 Ala. 16, 24, 25, 72 So. 359, 363, in these words: "There is, it may be here noted, a well-established doctrine of equity courts that, when a conveyance is fraudulently made upon a consideration which is valuable but substantially inadequate, and the grantee is without notice of the grantor's intent and himself intends no fraud, the conveyance is not wholly void and will stand as security for the value actually paid. Hubbard et al. v. Allen, 59 Ala. 283, 302; Gordon v. Tweedy, 71 Ala. 202, 213; Caldwell v. King, 76 Ala. 149; Ruse v. Bromberg, 88 Ala. 619, 7 So. 384; Waddle v. Great Southern Phosphate Co., 184 Ala. 346, 63 So. 462; Snyder v. Partridge, 138 Ill. 173, 29 N.E. 851, 32 Am.St.Rep. 130, 138; Withrow v. Warner, 56 N.J.Eq. 795, 35 A. 1057, 40 A. 721, 67 Am.St.Rep. 501, citing Muirheid v. Smith, 35 N.J.Eq. 303, 312; Clements v. Moore, 6 Wall. 299, 18. L.Ed. 786; Boyd v. Dunlap, 1 Johns. Ch.(N.Y.) 478; Short v. Tinsley, 1 Metc. (Ky.) 397, 71 Am.Dec. 482; Worthington v. Bullitt, 6 Md. 172, 198; note to Hagerman v. Buchanan, 14 Am.St.Rep. 739; note to Rosenheimer v. Krenn (Wis.) 5 L.R.A.(N.S.) 395."

This doctrine applies to a conveyance in payment of past indebtedness as well as on consideration passing at the time. Waddle v. Great Southern Phosphate Co., 184 Ala. 346, 63 So. 462, and cases cited in London v. G. L. Anderson Brass Works, 197 Ala. 16, 72 So. 359.

But here again the bill expressly charges the intent and purpose of the grantor to defraud complainant, an existing creditor, known to and participated in by the grantee; and further charges the deed was merely colorable, the title held in secret trust for the father, a mere shield of the property from creditors, for the use and benefit of the father. Neither of these averments is denied, even by a general denial. Everything alleged in the answer may be true, and still the deed fraudulent in fact, reserving a secret benefit to the father.

This matter was within the peculiar knowledge of the respondents.

The answer must be held not to put in issue these averments of actual fraud on the grantor's creditors, and, therefore, treated as admitted for the purpose of the hearing on bill and answer with proof limited as hereinbefore outlined.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.