(92 South. 411)

### SMITH v. M. C. McADAMS & CO.
### (6 Div. 185.)

(Supreme Court of Alabama. Jan. 12, 1922.)

**1. Fraudulent conveyances ⬅➡277(1)—On bill to set aside deed as in fraud of creditors, held burden of proving payment of consideration on defendant.**

In a suit by a judgment creditor against a grantee of a judgment debtor to declare a deed fraudulent and to condemn the property therein conveyed for the payment of a judgment, where the claim of complainant against the grantor antedated the conveyance, a complaint, alleging that after a judgment for complainant against the grantor had been recorded the conveyance was made to the grantee for a simulated consideration, put on the grantee the burden to show payment of a valuable consideration, and if the consideration was a preexisting indebtedness of the grantor to the grantee, that it was adequate for the land conveyed.

**2. Fraudulent conveyances ⬅➡269(1)—In action to set aside fraudulent conveyance answer held insufficient to admit testimony of good faith of a grantee.**

In an action by a judgment creditor against a grantee of judgment debtor to set aside a conveyance on the ground it was based on no consideration, an answer by the grantee failing to allege facts showing good faith, the ac-

tual payment of an adequate consideration, how, when, and in what the consideration was paid, and merely alleging good faith on part of both the grantor and grantee in making the conveyance, was insufficient to authorize a contestation by the grantee of the allegation of no consideration, and testimony in that behalf was properly excluded.

Appeal from Circuit Court, Lamar County; Henry B. Foster, Judge.

Bill by M. C. McAdams & Company against M. V. Smith, Bettie Smith, and J. A. Guin, to declare certain deeds fraudulent and void, and to condemn the property therein conveyed to the payment of a judgment belonging to the complainant. From a decree granting the relief prayed as to the deed to Bettie Smith and denying it as to the deed to Guin, Bettie Smith appeals. Affirmed.

The facts made by the bill are that McAdams & Co. had procured a judgment against M. V. Smith and Guff Smith, together with the cost of suit, and had the same recorded in the probate office of Lamar county; that M. V. Smith was the owner of certain lands, which are described, and that on the 9th day of October, 1915, the said M. V. Smith and wife sold and conveyed the above-described land to Bettie Smith, a daughter-in-law, for consideration of $500, and that the consideration was simulated, and that the deed was made for the purpose of hindering, delaying, or defrauding creditors. Bettie Smith answered as follows:

"Answering the third paragraph, this defendant admits that the defendant M. V. Smith owned the land mentioned and described in said paragraph, and that he and his said wife made and executed a deed conveying said lands to this defendant. This defendant expressly and positively denies that there was any knowledge, information, or even a suggestion of fraud or wrongdoing or wrong intention on the part of herself in accepting and receiving the deed referred to; that she bought said lands in good faith; that she was not informed and did not have any knowledge or notice of any fraud or fraudulent intent on the part of M. V. Smith, even if there was any. She further denies that the said M. V. Smith has any intention of perpetrating a fraud on complainants or any one else. She further denies that the deed conveying the said land to her, this defendant, was made for the purpose of hindering or delaying the creditors of M. V. Smith, complainants, or anybody else. She further denies that there was any scheme, fraud, or any other wrongful motive, act, or conduct on the part of this defendant or on the part of M. V. Smith. She further says that, even if there was any wrongful intention on the part of M. V. Smith, she, this defendant, had no knowledge or notice nor information of any such wrongful intention, and had no knowledge or notice of any fact or circumstance that would have caused her to make inquiry; that she bought said lands.

---

⬅➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

entirely in good faith and without any wrongful intention whatever. She furthermore says that she had no knowledge of any debt or demand, judgment or claim of any kind whatever held by the plaintiffs against the said M. V. Smith, and she further says that she is informed and believes, and upon such information and belief she states the truth to be, that the alleged judgment that the complainants claim to hold against the said M. V. Smith was obtained long after the deed to this defendant, above referred to. She further denies each and every allegation contained in said paragraph charging her with participating in or being a party to any fraud or wrongful intention whatever. She explicitly denies that M. V. Smith has or retained any interest in or control whatever over said lands after the execution and delivery of said deed. She furthermore denies that there is any secret agreement between this defendant and the said M. V. Smith whereby it is agreed that said lands still belong to the said M. V. Smith. She furthermore denies that there is or was any secret agreement of any kind whatever, but she alleges that said deed conveyed said lands to this defendant without any agreement, secret or otherwise, and without any right, interest or claim whatever being reserved by the said M. V. Smith."

Bettie Smith attempted to show an agreement of contract by which she took Mrs. Smith home and cared for her under an agreement to receive this land in payment thereof.

Wilson Kelley, of Vernon, for appellant.

The court erred in the judgment rendered, under the evidence in this case. 197 Ala. 16, 72 South. 359.

O. E. Young and R. E. Redden, both of Vernon, and Ray & Cooner, of Jasper, for appellee.

The burden was on Bettie Smith of showing an adequate and valuable consideration. 94 Ala. 394, 10 South. 334; 98 Ala. 263, 13 South. 822; 97 Ala. 376, 12 South. 234; 93 Ala. 70, 9 South. 372; 93 Ala. 332, 8 South. 804; 180 Ala. 105, 60 South. 261; 59 Ala. 283; 139 Ala. 293, 35 South. 877; 200 Ala. 541, 76 South. 867. There was nothing in the answer of the respondent to authorize the admission of the testimony which she sought to offer. 1 Daniell's Chancery, 711, 3 Bland (Md.) 392, 22 Am. Dec. 283; 29 N.

Y. 252, 86 Am. Dec. 298; 7 Rich. Eq. 509, 62 Am. Dec. 402; 18 N. J. Eq. 132.

SOMERVILLE, J. The bill of complaint seeks to set aside the conveyance in question on the ground that its recited consideration was simulated and fictitious; that is, that there was in fact no consideration at all.

[1] The allegations of this bill—assuming, as the undisputed evidence shows, that complainants' claim against the grantor antedated the conveyance—imposed upon the respondent-grantee the burden of showing the payment therefor of a valuable consideration, and if that consideration was the satisfaction of an existing indebtedness due from the grantor to the grantee, it must be shown also that it was adequate for the land conveyed. London v. G. L. Anderson Brass Works, 197 Ala. 16, 72 South. 359, and cases therein cited.

"In order to lift this burden, however, affirmative averments of the facts relied on as constituting the consideration is as essential as satisfactory proof of their existence. The respondents in order to be accorded the advantage of evidence offered in support of the bona fides of the transaction, should have alleged in their answers the facts showing good faith, the actual payment of an adequate consideration, how, when and in what the consideration was paid. * * * The answer must put in issue all the facts on which the defendant relies in bar of the relief sought by the bill, and evidence cannot be adduced of facts outside of these issues." Gamble v. Aultman, 125 Ala. 372, 376, 28 South. 30, 31; Freeman v. Stewart, 119 Ala. 158, 167, 24 South. 31; Noble v. Gilliam, 136 Ala. 618, 623, 33 South. 861; Robinson v. Moseley, 93 Ala. 70, 9 South. 372, wherein the rule is most fully discussed and stated.

[2] In the face of this rule, the answer of the respondent Bettie Smith was wholly insufficient to authorize a contestation by her of the allegation of no consideration, and the trial court was compelled to disregard the testimony offered by respondents in that behalf, and to render a decree in accordance with the prima facie case made by complainants' allegations and proof.

The decree will therefore be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.