### R. W. ALLEN & CO. v. SANDS et al.
(5 Div. 957.)

Supreme Court of Alabama. April 21, 1927.

1. **Fraudulent conveyances** &#9758;266(1), 271(2)—In creditor's suit to cancel deed, wife assumed burden of pleading and proving consideration for deed from husband by answer admitting debt antedated conveyance.

In creditor's suit to set aside a conveyance from husband to wife, the defendant wife assumed the burden of pleading and proving that she paid an adequate consideration by her answer admitting the complainant's debt due from her husband, and that it antedated the deed.

2. **Fraudulent conveyances** &#9758;266(1)—In creditor's suit to cancel deed from husband to wife, answer held not to aver payment of recited consideration.

In creditor's suit to cancel husband's deed to wife, answer, alleging that years before land was purchased with money advanced to wife by her father, sold, and proceeds invested and reinvested and used in purchase of land in suit, *held*

not to aver payment by wife of deed's recited consideration.

3. **Fraudulent conveyances** &#9758;266(1)—In creditor's suit to cancel husband's deed to wife, defendant must allege all defenses relied on.

In creditor's suit to set aside alleged fraudulent conveyance from husband to wife, the defendant must clearly state in answer all the circumstances on which she relies for defense, and cannot avail herself of any defense not pleaded.

4. **Fraudulent conveyances** &#9758;266(1)—Creditor, seeking to cancel husband's deed to wife, held entitled to decree on pleadings, where answer failed to allege consideration.

In creditor's suit to cancel deed from husband to wife, the complainant was entitled to a decree on the pleadings, regardless of proof, where wife's answer admitted the debt, that it antedated the conveyance, and failed to show that she paid an adequate and valuable consideration.

5. **Mortgages** &#9758;137—Mortgage vests legal title in mortgagee subject to condition of mortgage.

A mortgage vests the legal title, subject to the condition of the mortgage, in the mortgagee.

6. **Mortgages** &#9758;137—On maturity of debt secured, mortgagee's title became absolute, subject to equity of redemption.

Maturity of a bona fide debt secured by a real estate mortgage discharged the mortgage of its conditions, and the mortgagee's title became absolute, subject only to the mortgagor's equity of redemption.

7. **Fraudulent conveyances** &#9758;255(2)—Mortgagee or assignee of mortgage executed after deed and before suit was "necessary party" to creditor's suit to cancel husband's deed to wife.

The mortgagee or her assignee of a mortgage executed subsequent to a deed of the lands from husband to wife, securing a bona fide indebtedness and maturing before the filing of a creditor's suit to cancel the deed, was a necessary party to the suit.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Necessary Parties.]

Appeal from Circuit Court, Chambers County; S. L. Brewer, Judge.

Bill by M. W. Allen and another, doing business as R. W. Allen & Co., against I. B. Sands and another. From a decree dismissing the bill, complainants appeal. Reversed and remanded.

Jas. A. Hines, of La Fayette, for appellants.

When the wife or other relative is the grantee in a conveyance attacked for fraud, stricter and clearer proof is required than where an outsider is the grantee. Robinson v. Moseley, 93 Ala. 70, 9 So. 372; First National Bank v. Smith, 93 Ala. 97, 9 So. 548; Sides v. Scharff Bros., 93 Ala. 106,

9 So. 228; Lammons v. Allen, 88 Ala. 417, 6 So. 915; Wedgworth v. Wedgworth, 84 Ala. 274, 4 So. 149. Respondent's allegations and proof do not correspond; they cannot avail of any matter of defense which is not stated in the answer. Robinson v. Moseley, supra; Wood v. Riley, 121 Ala. 100, 25 So. 723; Gamble v. Aultman, 125 Ala. 372, 28 So. 30.

Chas. S. Moon, of La Fayette, for appellees.

Brief of counsel did not reach the Reporter.

BROWN, J. This bill is exhibited by the appellants R. W. Allen & Co., creditors of I. B. Sands, against the appellees Sands and his wife, Carrie L. Sands, to set aside and annul as fraudulent a deed executed by Sands to his wife on the 27th day of October, 1920, to the lands described in the bill on a recited consideration of $6,975 and subject the property conveyed to the satisfaction of complainants' debt.

The bill avers that the debt due from Sands to the complainants was contracted in the year 1920, prior to the execution of the deed, and that it was reduced to judgment before the filing of the bill.

The sixth paragraph of the bill alleges:

"That said deed was executed to said Carrie L. Sands by the said I. B. Sands with a fraudulent intent on the part of the grantor and grantee to hinder and delay the creditors of the said I. B. Sands, and the said Carrie L. Sands joined the said I. B. Sands in said purpose; that the said I. B. Sands did not owe the said Carrie L. Sands said sum of $6,975, nor did the said Carrie L. Sands pay the said I. B. Sands the said sum of $6,975; and orators aver on information and belief, and on such information and belief they charge, that said Carrie L. Sands did not advance said sum of money to the said I. B. Sands, nor did she advance any other sum on account of said deed, but that said deed is without consideration, and the consideration recited in said deed is simulated, and never existed."

[1] The defendants answered jointly, admitting the existence of the complainants' debt due from said I. B. Sands, and that it antedated the execution of the deed. By this admission thus made, the defendant Carrie L. Sands assumed the burden of showing by appropriate averments "supported by strong and convincing evidence, the more strong and convincing in view of the marital relation existing between grantor and grantee, that she paid an adequate and valuable consideration for the conveyance. To the lifting of such burden, affirmative averment of the facts relied on as constituting the consideration is as essential as convincing proof of their existence." Robinson v. Moseley, 93 Ala. 70, 9 So. 372; Smith v. McAdams, 207 Ala. 118, 92 So. 411; Wood & Son v. Riley, 121 Ala. 100, 25 So. 723; Gamble v. Aultman & Co., 125 Ala. 372, 28 So 30.

[2] The averments of the respondents' answer, upon which they rely to meet this burden, are:

"Respondents admit that on the 27th day of October, 1920, the respondent I. B. Sands executed a deed to Carrie L. Sands, his wife, conveying the title to said lands above described in section 4 of said bill, as amended, to the said Carrie L. Sands upon the recited consideration of $6,975, as shown by copy of deed attached as Exhibit A to complainants' bill, as amended; and respondents aver that said recited consideration of $6,975 was an actual bona fide consideration. * * * Respondents further aver that on the 5th day of December, 1905, a parcel of land was purchased from Solon Jordan by money advanced Carrie L. Sands by her father Lee B. Grady; that said lands were subsequently sold at a profit and the proceeds invested in other property, and that property sold at a profit, and that said funds were the funds of said respondent Carrie L. Sands, and said money was used in the purchase of the lands described in complainants' bill; that on the 11th day of December, 1920, respondent Carrie L. Sands borrowed from Miss Bessie Hays the sum of $2,160, made her note for same, and gave a mortgage on said above-described lands as set forth in paragraph 4 of said bill, as a security for said loan."

The answer does not aver that the recited consideration in the deed was in fact paid by the said Carrie L. Sands to her husband, nor does it show the sum advanced by Grady to said respondent or the amount of the indebtedness from Sands to his wife arising from the use of the proceeds of the sale of the property purchased with her funds, nor does it show that the money borrowed from Miss Hays was paid to Sands by his wife as part of the purchase money for the lands involved.

[3] The rule approved by this court in such cases is that—

It is "of great importance to the pleader, in preparing an answer, to bear in mind that, besides answering the plaintiff's case as made by the bill, he should state to the court upon the answer all the circumstances of which the defendant intends to avail himself by way of defense; for a defendant ought to apprise the plaintiff by his answer of the nature of the case he intends to set up, and that, too, in a clear, unambiguous manner, and, in strictness, he cannot avail himself of any matter of defense which is not stated in his answer, even though it should appear in evidence." Robinson v. Moseley, supra.

[4] The answer on its face not showing that Mrs. Sands paid an adequate and valuable consideration for the conveyance, the complainants were entitled to a decree, regardless of the state of the proof. Smith v. McAdams, 207 Ala. 118, 92 So. 411.

[5-7] It appears from the bill as originally filed, the answer, and the proof, that the mortgage on the property given to Miss Hays executed by the respondent Carrie L. Sands subsequent to the conveyance sought to be canceled. The mortgage vests the legal title,

subject to the condition of the mortgage, in the mortgagee. It also appears that the indebtedness secured by the mortgage, the bona fides of which is not questioned by the complainants, had matured before the filing of the bill. The maturity of the debt, under the authorities, discharged the mortgage of its conditions, and the title of Miss Hays became absolute, subject only to the equity of redemption in the mortgagor. Thompson & ·Co. v. Union Warehouse Co., 110 Ala. 499, 18 So. 105; Hughes & Tidwell Supply Co. v. Carr et al., 203 ·Ala. 469, 83 So. 472. Under these circumstances Miss Hays, if she had not parted with the legal title, or her assignee, Trammell, if she had, was a necessary party to the bill. Prout v. Hoge, 57 Ala. 28.

In Williams et al. v. Spragins, Buck & Co. et al., 102 Ala. 424, 15 So. 247, the mortgage to Mrs. Fitzgerald was given by the debtor prior to the execution of the alleged fraudulent conveyance, and the cancellation of the fraudulent conveyance in no way affected her title, and in that case it was held that she was a proper, but not a necessary, party. The facts of that case differentiate it from the case at bar.

The decree of the circuit court will therefore be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.