(121 So. 535)

**ROBINETT et ux. v. MURRAY.** (6 Div. 263.)

Supreme Court of Alabama. April 4, 1929.

Nash & Fendley, of Oneonta, for appellee.

J. T. Johnson, of Oneonta, for appellants.

BROWN, J. This is a bill by the appellee against the appellants to set aside and cancel a deed made by the appellant G. L. Robinett to his wife, Eula M. Robinett, on February 13, 1925, conveying to her substantially all of his property, on the ground that said deed was made to hinder, delay, or defraud the complainant in the collection of a debt due to him from said G. L. Robinett.

The bill avers that on December 3, 1924, a judgment was rendered in the circuit court of Jefferson county for $709.60, principal and interest, and $15.40 cost of suit, on the joint note of the complainant and said Robinett, executed to Thomas W. Hood, and that complainant paid this judgment, including the cost of suit, and that said Robinett thus became indebted to him for one-half of the

amount so paid by him; that the said deed was executed by said Robinett for the purpose of hindering, delaying, or defeating the collection of said debt.

The defendants in their joint answer set up two defenses to the bill: First, that the note on which Hood recovered the judgment was given for the debt of the complainant, and that G. L. Robinett was merely a surety thereon, and that Hood, previous to filing the suit, for the valuable consideration, moving to him, released Robinett from liability. Second, that the consideration paid by Eula M. Robinett for the execution of the deed was a bona fide existing debt due to her from the grantors, and that the value of the property was no more than a fair equivalent of the debt.

The evidence is without dispute that the note was given as part payment of a third interest in the Oneonta Supply Company, bought by the complainant and Robinett from Hood, each of the purchasers acquiring one-half of the interest so purchased. Therefore it is clear that complainant and Robinett were joint makers of the note, within the meaning of section 9543 of the Code, and were severally and jointly liable to the payee, and, as between themselves, each was principal to the extent of his share in the joint and several debt, and a surety to the extent of the share of the other party. Code of 1923, § 9543.

This, it would seem, fully answers the first defense, in that defendants have failed to prove that the complainant was the person primarily liable for the entire debt and that G. L. Robinet was merely a surety. But we venture the further statement that under the circumstances established by the evidence, while the agreement between Hood and Robinett to release Robinett would, as between them, afford a basis for a plea in bar in the suit on the note, yet Robinett by his negligent failure to plead this defense in the action on the note suffered judgment to go against him, and this agreement to which complainant was not a party does not preclude him, as Robinett's surety, from recovering the money paid in discharge of Robinett's liability on the judgment. Gresham v. Ware, 79 Ala. 192.

The debt alleged by appellants to have been due from Robinett to his wife, constituting the consideration of the deed, according to their contention, arises from a loan of certain purchase-money notes given by Arthur Fowler in the purchase of a certain tract of land, in the year 1917, and the rents from other lands accruing in the years 1918 and 1919, and subsequent years; it being their contention that the lands sold to Fowler, and that from which the rents accrued, were given to the said Eula M. Robinett by her father J. L. Rutherford, and, in conveying the property, Rutherford, through mistake or ignorance, conveyed to both of the appellants.

The evidence goes to show that Robinett and his brother-in-law, Luther Rutherford, contracted with J. L. Rutherford for the purchase of the lands, and notes were given for the purchase money, and, as their notes matured, they were surrendered without requiring payment to Luther and Mrs. Robinett by J. L. Rutherford, the holder.

Appellants concede that notes were not given by Robinett to his wife, evidencing the alleged loans; that no record of any kind was kept of these transactions; and that, previous to the execution of the deed sought to be canceled, there was no recognition of these alleged debts.

It further appears that the deed was prepared, executed, and delivered by Robinett to his wife of his own volition and without request by her, after the judgment against him and complainant was obtained and its payment by the complainant, and that Robinett continued to operate the warehouse property included in the conveyance, without any arrangement for the payment of rent therefor. On his cross-examination as a witness, the appellant Robinett was asked: "Now is this what you mean by your statement, that you made this deed for the purpose of preventing any one from getting a judgment against you, or selling any of the property, that was in your name under a judgment?" He answered: "Yes sir, that is exactly what I did it for."

In Crawford et al. v. Kirksey et al., 55 Ala. 282, 293 (28 Am. Rep. 704) it was observed that "Our statutes have not gone the length of declaring that an insolvent debtor, or one in failing circumstances, shall not give a preference in the payment of his debts. If there be no secret trust, or benefit or reservation, reserved to the grantor, *an actual sale made by such debtor*, at a fair and reasonable price, will be upeld, although it be known to both contracting parties that such sale will leave the debtor unable to pay his other debts. This is one of the inevitable consequences of allowing a failing debtor to give preferences. The fraud which vitiates a sale by an insolvent debtor to a preferred creditor, is unlike that of a sale for a new consideration paid. *It is an attack upon the sale itself, as an actual transfer of the property and its title*, or upon the sufficiency or bona fides of the consideration. Simulation, secret trust—these are the defects which usually avoid sales made, or pretended to be made, by a debtor in failing circumstances, to a preferred creditor. Such was the taint in the contract which was declared void in Twyne's case. We do not, however, intend to deny that simulation and secret trust sometimes accompany sales made ostensibly for a present new consideration. All we mean to affirm is, that when an insolvent

debtor goes through the form of a sale to a preferred creditor, but really intends thereby to defraud his creditors, simulation is usually resorted to, to cover up the secret trust by which he proposes to secure a benefit to himself. *If there be a real debt, and real transfer of the title and use of property in its payment,* at a fair price, and in good faith, pressing importunity on the part of the creditor to procure its execution will not avoid the deed, although the debtor be known to be insolvent, and the known effect of the conveyance is to leave the debtor without property to pay his other debts." (Italics supplied.)

The holding in London v. G. L. Anderson Brass Works, 197 Ala. 16, 72 So. 359, which cites and follows Crawford et al. v. Kirksey, et al., supra, in no way modifies the rule, but in effect reaffirms the doctrine there announced, that, to sustain a conveyance made by an insolvent or failing creditor in payment of a pre-existing debt, there must be a real bona fide debt fairly the equivalent of the value of the property, and a real transfer of the title and use of the property in payment of the debt—not a mere simulated, colorable transfer intended as a mere cover behind which the debtor may hide to enjoy the use of the property and prevent his creditors from subjecting it to the payment of their debts.

The burden of proof was on the defendants, appellants here, to show a real sale and transfer of the title and use of the property in payment of a bona fide existing debt in an amount not greatly disproportionate to the value of the property. London v. G. L. Anderson Brass Works, supra; Wood & Son v. Riley, 121 Ala. 100, 25 So. 723; R. W. Allen & Co. v. Sands et al., 216 Ala. 106, 112 So. 528; Robinson v. Moseley, 93 Ala. 70, 9 So. 372.

After a careful review of the evidence, we are of opinion that the defendants have failed to meet and carry this burden, and concur in the opinion of the learned trial judge that the deed is void, and should be set aside, canceled, and held for naught.

The evidence shows that the judgment obtained by Hood against the complainant and Robinett was reduced by the application of certain due bills outstanding against Hood, which he recognized as proper credits on the judgment; that complainant was compelled to pay in full settlement of the judgment and costs $603.02. Therefore the amount of his debt against the respondent Robinett is one-half of this amount, $301.51, with interest from the date of payment amounting to $85.14, totaling $386.65. The decree awarded the complainant $466.95, which is excessive. It will therefore be corrected by reducing the amount to $386.65, which draws interest from the date of the rendition of the

decree in the circuit court, and, as corrected, will be affirmed, and the costs of the appeal will be taxed in equal parts against the appellants and appellee.

Corrected and affirmed.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.