LANDHAM et al. v. COMMERCIAL NAT. BANK OF ANNISTON.

7 Div. 171.

Supreme Court of Alabama.

May 25, 1933.

Harvey A. Emerson, of Anniston, for appellants.

Merrill, Jones, Whiteside & Allen, of Anniston, for appellee.

**BROWN, Justice.**

This is a creditor's bill filed by the appellee to cancel, as fraudulent, two conveyances, the first a deed by the debtor, E. C. Landham, to his wife, Ruth, reciting a consideration of $5,000, and other good and valuable considerations, acknowledged on September 12, 1930, and filed for record in the office of the judge of probate on the 17th day of September, 1931, embracing all the real estate owned by the debtor. The other, a mortgage of date of October 22, 1931, by the debtor to his brother, W. M. Landham, expressing as a consideration an indebtedness of $750, payable on or before October 22, 1932, embracing certain chattels which were all the personal property owned by the debtor, except certain choses in action, of doubtful value.

The deed embraced lots 10, 11, and 12 in block 114, as shown on the map of the Anniston City Land Company, Anniston, Ala. Lot 12, with the residence thereon, was the homestead of the debtor. The other lots were also improved and used as rent property. The homestead was incumbered by a mortgage of $2,500. Lots 10 and 11 were also incumbered by mortgages, amounting to an unpaid balance of $4,000.

The mortgage given to W. M. Landham covered an iron or steel safe, a Ford sedan, and two one-ton trucks, which the debtor used in the conduct of his business—furniture and house furnishings.

At the time said conveyances were made E. C. Landham was indebted to the complainant, the indebtedness accruing during the years 1928, 1929, and 1930, for money loaned, and was heavily indebted to other creditors. Said E. C. Landham had been for two years gradually closing out his business, and his wife had opened up a like business as that formerly conducted by her husband, but not so extensive, which was conducted mostly for her by her husband as agent.

The asserted consideration for the deed was an indebtedness alleged to have been contracted in the year 1920, amounting, at that time, to $1,891.52, advanced by the grantee to the grantor as a loan, the interest thereon, and the assumption of the mortgages on the property.

Evidence was offered by the defendants showing that Mrs. Landham had money to that amount in a bank in Atlanta, Ga.; that it was drawn out in January, 1920, and a deposit of a like sum entered to the credit of Landham in a bank in Anniston, Ala. This money, according to the evidence of respondents, was invested in said lots 10, 11, and 12, and the buildings were thereafter placed thereon by said E. C. Landham, about the year 1922.

However, no note or other evidence of indebtedness was taken at the time of said transaction, and no open acknowledgment of the same was made in any way by Landham until he executed the deed to his wife, though they both testified that they discussed between themselves the execution of such deed four or five years previous thereto. At the time the deed was executed, Landham, the grantor, was in embarrassed financial circumstances, if not insolvent, and the execution of the deed was of the grantor's own volition and in piecemeal, the same being signed in May, 1930, acknowledged in September, 1930, and not recorded until September, 1931; and the evidence as to its delivery is not very satisfactory.

After the delivery of the deed, if in fact it was delivered, there was no material change in the use and control of the property; the grantor continuing its use and enjoyment along with the grantee.

The asserted consideration of the mortgage to W. M. Landham was an alleged past-due indebtedness of $700, and a loan of $50 claimed to have been borrowed by E. C. Landham from his brother on the date of the execution. W. M. Landham, as the record shows, took no interest in the trial of the case, was not present, and did not testify to support the validity of the mortgage. And the evidence goes to show that the mortgagor, E. C. Landham, retained the possession and use of the property.

On submission, on pleading and proof consisting of documentary evidence and testimony in the main given ore tenus, the court

granted the complainant relief as to the personal property covered by the mortgage, and also as to said lots 10 and 11, ordered the deed and mortgage canceled as to said property, and sustained the deed as to the lot constituting the debtor's homestead.

The averments and proof showing that the debt due from E. C. Landham to complainant antedated the conveyances, shifted the burden to the grantees to sustain, by their averments and proof, the bona fides of said conveyances. Robinson v. Moseley, 93 Ala. 70, 9 So. 372; R. W. Allen & Co. v. Sands et al., 216 Ala. 106, 112 So. 528.

The controlling question of fact as to the conveyance to the wife was not only the bona fides of the pre-existing debt constituting the consideration and its adequacy, but the bona fides of the transfer itself—whether it was made for the purpose of passing the title, use and enjoyment to the grantee, or was it a mere cloak or cover behind which the embarrassed debtor might withhold the property from legal process issued for the satisfaction of his debts, and at the same time retain an interest therein and enjoy its use as his own, a secret trust? Crawford et al. v. Kirksey et al., 55 Ala. 282, 28 Am. Rep. 704; Robinett v. Murray, 219 Ala. 176, 121 So. 535; Buell v. Miller, 224 Ala. 566, 141 So. 223. A similar issue of fact was presented as to the mortgage to W. M. Landham.

After a careful consideration of the evidence, we are not able to affirm that the conclusion of the court at nisi prius is not sustained by the evidence, and the decree will be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.