195 So. 716

**BECK v. VANN.**

**7 Div. 615.**

Supreme Court of Alabama.

April 18, 1940.

Rehearing Denied May 16, 1940.

McCord & Miller, of Gadsden, for appellant.

Goodhue & Lusk, of Gadsden, for appellee.

THOMAS, Justice.

The suit was to set aside fraudulent conveyances.

The errors assigned challenge the overruling of demurrers to the bill on the ground that the property voluntarily conveyed is not alleged to have been substantially all of the property owned by D. M. Beck at the time of the conveyance.

A bill to set aside a fraudulent conveyance *is not demurrable for failure to* aver want of assets still owned by grantor sufficient to meet creditor's demands, or that the grantor is insolvent. Whaley v. First National Bank of Opp, 229 Ala. 153, 155 So. 574; Harris v. First National Bank, 227 Ala. 86, 149 So. 86; Henderson v. Farley National Bank, 123 Ala. 547, 26 So. 226, 82 Am.St.Rep. 140.

When the suit is by a creditor to set aside a voluntary conveyance made more than four months before a petition in bankruptcy, the court in which the proceeding is pending challenging the fraudulent conveyance is not required to stay proceedings. Connell v. Walker, 291 U.S. 1, 54 S.Ct. 257, 78 L.Ed. 613; U.S.C.A. Title 11, Section 29 as last amended; Pocahontas Graphite Co. v. Minerals Separation North American Corporation, 215 Ala. 225, 109 So. 873.

Where creditors' bill to set aside fraudulent conveyances and the proof introduced shows that the debt antedated the conveyances attacked as fraudulent, the burden is shifted to the grantees to sustain by averment and proof the bona fides of such conveyances. Smith v. M. C. McAdams, 207 Ala. 118, 92 So. 411; Landham v. Commercial, etc., 227 Ala. 18, 148 So. 434; Allen & Co. v. Sands, 216 Ala. 106, 112 So. 528; Umphrey Barfield, 238 Ala. 11, 189 So. 64; Morrison v. Federal Land Bank, 232 Ala. 138, 167 So. 288.

We find no reversible error in the action of the trial court and the decree is affirmed.

Affirmed.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.

On Rehearing.

PER CURIAM.

Application for rehearing overruled.

THOMAS, BROWN, FOSTER, and LIVINGSTON, JJ., concur.