73 So.2d 729

### SMITH v. BUNCH.

#### 8 Div. 750.

Supreme Court of Alabama.

June 24, 1954.

Jas. M. Proctor, Scottsboro, for appellant.

Scott, Dawson & Scott, Scottsboro, for appellee.

MERRILL, Justice.

Appeal from a decree setting aside and cancelling a deed made by J. A. Hart and wife to O. H. Smith, their son-in-law, and the appellant here.

On September 2, 1941, the said J. A. Hart was seized and possessed of 115 acres of land in Jackson County and on that date he committed an assault and battery on the appellee, T. B. Bunch, which resulted in the appellee filing suit against Hart on February 24, 1942, procuring the levy of an attachment on the lands on March 4, 1942, and a final judgment in favor of appellee for $1,500 on September 2, 1946, but the property was not sold under the levy of attachment or for the satisfaction of the judgment.

On November 13, 1941, Hart deeded 25 acres to his grandson O. H. Smith, Jr., then about 12 years of age, showing a consideration in the deed of $1.00. On March 5, 1942, he deeded the remaining 90 acres to his wife, reciting a consideration of $1,000, and on February 26, 1945, he and his wife deeded this same 90 acres to O. H. Smith, reciting that it was all the land owned by the grantors in Jackson County, and showing a consideration of $900.

The bill in the instant case was filed in May, 1949, and alleged that these deeds contained a fictitious, simulated or pretended consideration and were made with the intent to hinder, delay or defraud the complainant and that the grantees knew of such intent or had notice of such facts as would put a reasonable person on inquiry to ascertain the purpose and intention of the grantor.

The evidence was taken ore tenus before the Register and the decree of the court reads in part as follows:

"It is therefore ordered, adjudged and decreed by the Court that the conveyance from J. A. Hart and his wife, Christine Hart, to O. H. Smith, Jr. dated November 13, 1941, and recorded in Deed Record 105 at page 40 in the Probate Office of Jackson County, Alabama, was a voluntary conveyance by the grantor, J. A. Hart, to the grantee named therein, without a valid consideration therefor and that the same was executed for the purpose of hindering, delaying or defrauding the complainant who had a valid and subsisting claim against the said J. A. Hart at the time of the execution of said conveyance and that said conveyance should be cancelled of record and the same is hereby cancelled of record. The Court being of the opinion that the conveyance from John A. Hart to his wife, Christine Hart, one of the respondents, dated March 5, 1942, and recorded in Deed Record 105 at page 267 was a voluntary conveyance by the grantor, John A. Hart, for the purpose of hindering, delaying or defrauding the complainant, T. B. Bunch, who

then had a valid and subsisting claim against the said John A. Hart from the collection thereof and that said conveyance should be set aside and cancelled of record. The Court is of the opinion that the conveyance from Christine Hart and her husband, John A. Hart, to the respondent, O. H. Smith, executed on February 26, 1945, and recorded at page 460 of Deed Record 110 was also executed as a part of said plan to place the property of the said J. A. Hart beyond the reach of the complainant, T. B. Bunch, on his judgment and that said conveyance should be set aside and cancelled of record."

The decree further ordered the cancelling of all three deeds and ordered the register to sell all the land for the satisfaction of appellee's judgment lien, subject to a lien in favor of O. H. Smith for certain payments, approximately $40 per year for eleven years, which he had made on a Federal Land Bank Mortgage which antedated the accrual of appellee's claim against Hart.

Only O. H. Smith (Sr.) has appealed from the decree.

In the case of Carter v. Longshore, 230 Ala. 486, 162 So. 115, this court said:

"It is well settled that claims for damages arising from tort are within the protection of the statutes authorizing the filing of bills in equity to set aside fraudulent conveyances. Gunn v. Hardy, 130 Ala. 642, 31 So. 443."

In Beck v. Vann, 239 Ala. 562, 195 So. 716, 717, one of the rules in cases of this character is stated as follows:

"Where creditors' bill to set aside fraudulent conveyances and the proof introduced shows that the debt antedated the conveyances attacked as fraudulent, the burden is shifted to the grantees to sustain by averment and proof the bona fides of such conveyances. Smith v. M. C. McAdams, [& Co.], 207 Ala. 118, 92 So. 411; Landham v. Commercial, etc., 227 Ala. 18, 148 So. 434; Allen & Co. v. Sands,

216 Ala. 106, 112 So. 528; Umphrey v. Barfield, 238 Ala. 11, 189 So. 64; Morrison v. Federal Land Bank, 232 Ala. 138, 167 So. 288."

See Downer v. First National Bank of Fort Payne, 231 Ala. 523, 165 So. 758; Wolcott v. Titus, 238 Ala. 342, 191 So. 383.

The appellant failed to carry this burden and the decree of the lower court should be affirmed.

Affirmed.

LAWSON, STAKELY and CLAYTON, JJ., concur.