172 So.2d 49

**T. L. (Cotton) THAGGARD et al.**

v.

**UNION BANK & TRUST COMPANY.**

3 Div. 137.

Supreme Court of Alabama.

Feb. 18, 1965.

Wm. R. King, Luverne, for appellants.

Robt. C. Black, Thos. B. Hill, Jr., of Hill, Hill, Stovall & Carter, Montgomery, for appellee.

LAWSON, Justice.

This suit was brought in the Circuit Court of Montgomery County, in Equity, by Union Bank & Trust Company, a corporation, against T. L. (Cotton) Thaggard and John D. King.

Paragraph 2 of the bill charges, in effect, that the respondent Thaggard is indebted to the complainant in that on March 6, 1963, Thaggard fraudulently obtained from complainant the sum of $43,000 in cash, which he converted to his own use.

Paragraph 3 of the bill avers that on March 6, 1963, the respondent Thaggard was the owner of certain parcels of real estate as described in subparagraphs "a" through "g," both inclusive.

Paragraph 4, subparagraphs "a" through "d," both inclusive, aver that on the same day that respondent Thaggard is alleged to have fraudulently and wrongfully obtained the said sum of money from complainant and converted it to his own use, he executed and delivered to his father-in-law, the respondent John D. King, mortgages as therein described upon said respective parcels of real estate described in paragraph 3 of the bill.

In paragraph 5 of the bill it is averred that each of said mortgages was a voluntary conveyance; that the recited consideration in each of them was pretended, simulated and untrue; that each of said mortgages was intended to hinder, delay and defraud complainant, Union Bank & Trust Company, as a creditor; that each of said purported mortgages is invalid and void; and, that same were executed simultaneously as the result of a conspiracy between respondents to place said parcels of real estate beyond the reach of complainant as a creditor of respondent Thaggard.

Paragraph 6 avers, in substance, that the respondent Thaggard owned other properties, unknown to complainant, which are "properly subject to payment of said respondent Thaggard's debt to complainant,"

the identity of which complainant is entitled to know.

Aside from the prayer for process the bill prays:

" * * * and, that, upon the final hearing hereof, the Court will decree that said instruments purporting to be mortgages, which are hereinabove referred to in paragraph '4', of this bill of complaint be cancelled and declared to be null and void, insofar as this complainant is concerned; and, further, that the respondent T. L. (Cotton) Thaggard be restrained and enjoined from placing any mortgages upon, or selling or otherwise disposing of any of, said real estate described in paragraph '3' of this bill of complaint, pending the further orders of this Court; and, further, that the respondent T. L. (Cotton) Thaggard be ordered and directed promptly to enumerate and disclose to complainant a full and complete list, description, identity and location of all properties and interests in properties, real, personal and mixed, owned by him as of March 6, 1963, and, also, a full and complete list, description, identity and location of all properties and interests in properties, real, personal and mixed, owned by him as of the date of the filing of this bill of complaint; and, further, that the Court will order and decree that said properties and all properties of every kind owned by said respondent Thaggard shall be, and are, subject to the payment of the indebtedness of respondent Thaggard to complainant, and that he be restrained and enjoined from making any disposition whatsoever of same, pending the further orders of this Court; and, complainant prays for such other, further and different relief as in equity and good conscience it may be entitled, as it will ever pray, etc."

Personal service was had on each of the respondents. Decrees pro confesso were rendered against both of them on November 21, 1963.

Testimony was taken orally before a judge of the Circuit Court of Montgomery County, in Equity, on December 31, 1963. The cause was submitted for final decree on the bill of complaint, the decrees pro confesso taken against both of the respondents, and upon the evidence introduced at the hearing on December 31, 1963.

The trial court rendered a decree on December 31, 1963, wherein it found that the respondent Thaggard did on March 6, 1963, fraudulently and wrongfully obtain from complainant, Union Bank & Trust Company, the sum of $43,000 and converted same to his own use; that Union Bank & Trust Company is a creditor of said respondent for that amount; that said respondent Thaggard is indebted to complainant in the sum of $43,000, with interest from March 6, 1963, for which complainant is entitled to a judgment against the respondent Thaggard; further, that the mortgages were fraudulent and void as to complainant; that each of the parcels of real estate described in paragraph 3 of the complaint is properly subject to payment of Thaggard's indebtedness to complainant; that complainant is entitled to subject said properties to payment of said indebtedness; and, that each and all of the averments of the bill are confessed and are true and correct.

The court then rendered judgment in favor of complainant against the respondent Thaggard in the sum of $43,000 with interest, and without exemptions, and decreed that the several mortgages were null and void as to complainant. The court further decreed that the respondent Thaggard be restrained and enjoined from placing any lien or mortgage upon, or making any transfer or disposition of any property owned by him or thereafter acquired by him, pending payment of the judgment. It was also decreed that the respondent Thaggard file a statement of all assets owned by him. The register was ordered to

proceed to sell the real estate of respondent Thaggard described in the bill by public sale for satisfaction of said indebtedness and to report to the court the results of the sale.

Respondent Thaggard filed a statement of his assets, showing nothing of substantial value, other than his interest in the real estate described in the complaint.

The respondents on January 16, 1964, filed a motion to "* * * set aside each and every part of the final decree of the Court in this cause in which a moneyed judgment in the amount of $43,000.00, with interest, was rendered against Respondent Thaggard, in which exemptions as to personalty and realty as to the collection of said judgment were removed from Respondents King and Thaggard, and in which a sale of the parcels of realty listed in paragraph 8 of the decree was ordered. * * *" The motion was filed by the respondents separately and severally.

The trial court, after a hearing, overruled the motion on January 27, 1964, except for the correction of a typographical error in the decree of December 31, 1963, which error is not here significant.

On March 17, 1964, the respondents took an appeal to this court "* * * from the decree rendered in the above entitled cause on the 31st day of December, 1963, and from the decree of January 27, 1964 * * *"

Appellants say in the brief filed here on their behalf:

"It should be made clear at this point that appellants do not question the lower court's action in setting aside the conveyances. Stated briefly, appellants contend that the lower court erred in granting the money judgment and the removal of exemptions parts of the decree; that the bill of complaint was insufficient to support those parts of the decree in the following respects: that the bill does not inform appellants that a money judgment is sought. Without the money judgment, there is no basis to remove the exemptions of Thaggard. It is the contention of appellants that the bill of complaint is framed as a bill to set aside certain conveyances between the appellants and in no way informs appellant Thaggard that a money judgment is being sought. No part of the bill, including the prayer, informs Thaggard that he is being called upon to defend against the rendering of a money judgment. * * *"

We understand from the first sentence of the above-quoted part of appellants' brief that they concede that it is the settled law of this state that claims for damages arising from tort are within the protection of the statutes authorizing the filing of bills in equity to set aside fraudulent conveyances (Smith v. Bunch, 261 Ala. 170, 73 So.2d 729; Franklin v. Nunnelley, 242 Ala. 87, 5 So.2d 99. See Myers v. Redmill, 266 Ala. 270, 96 So.2d 450, 73 A.L.R. 2d 746.) and that the averments of the bill as admitted by the decrees pro confesso are sufficient to support the action of the trial court in decreeing that the mortgages were void as to complainant.

With those concessions in mind, we come to consider the assertion that the trial court erred in rendering a money decree in favor of complainant and against the respondent Thaggard. We do not agree.

In Franklin v. Nunnelley, supra, the amended bill sought to set aside a voluntary conveyance by respondent Franklin to respondent Smith. Nunnelley claimed to be a creditor of Franklin because of the tortious conduct (false misrepresentations) of Franklin in connection with an exchange of property. After holding that the amended bill had equity as one to set aside a conveyance in fraud of the rights of an existing creditor, we said: "* * * The court having assumed jurisdiction for this purpose will retain jurisdiction for all purposes necessary to a complete determination of

the cause, and settlement of the matter between the parties. * * *" (242 Ala. 89, 5 So.2d 101)

But in the Franklin case, supra, there was a specific prayer that the respondent Franklin be required to pay certain amounts of money to the complainant, Nunnelley. See Smith v. Wilder, 270 Ala. 637, 120 So.2d 871.

There is no similar specific prayer in this case and it is for that reason, primarily, that appellants assert that the trial court erred in rendering a money decree. But, as we have shown, there was a prayer for general relief and it is the peculiar province of a court of equity, under a prayer for general relief, to mold its decree to meet the case made by the pleadings and proof. Atkins v. Atkins, 253 Ala. 43, 42 So.2d 650

Under the general prayer the complainant may in the ordinary case have the relief authorized by the facts averred even though he may be mistaken in the special relief prayed. Rosenau v. Powell, 173 Ala. 123, 55 So. 789.

In view of those principles and the allegations of the bill to the effect that Thaggard was indebted to complainant in the sum of $43,000, we do not think the trial court can be said to have erred in rendering a money decree against Thaggard on the ground that he was not sufficiently advised of the fact that a money decree was sought and that he should defend against it.

Since the money decree in favor of complainant was for a tort committed by respondent Thaggard, the trial court did not err in decreeing that "so far as the collection of this judgment is concerned, there are no exemptions to realty or personalty to respondents * * *." Harris v. Jenkins, 265 Ala. 315, 90 So.2d 764; Erlenbach v. Cox, 206 Ala. 298, 89 So. 465; Gunn v. Hardy, 130 Ala. 642, 31 So. 443; Meredith v. Holmes, 68 Ala. 190.

We have treated the case upon the line of argument employed in brief of appellants and find no merit in such argument. Therefore, the decree of the trial court is due to be affirmed. It is so ordered.

Affirmed.

MERRILL and HARWOOD, JJ., concur.

COLEMAN, J., concurs in the result.